A89A1322. DAVIS et al. v. JOHNSON et al.
(386 SE2d 900)

BEASLEY, Judge.

Plaintiffs Mr. and Mrs. Davis appeal the grant of summary judgment, final judgment and dismissal in favor of defendant physicians, Johnson and Kendall, in this suit alleging medical negligence resulting in the wrongful death of the Davis daughter. The action was filed against these defendants two days prior to the running of the statute of limitation and service was perfected subsequent to the statutory time. The trial court issued its ruling based on its determinations that (1) plaintiffs did not establish due diligence and reasonableness in attempting to secure prompt service on Johnson and Kendall where service occurred 108 days and 109 days respectively after the complaint was amended adding these defendants, and (2) the deposition testimony of another defendant physician proffered by plaintiffs in opposition to the motions for summary judgment was not sufficient to create a factual question as to the care rendered by Johnson and Kendall. The procedural ground is dispositive.

1. Appellants contend that the trial court abused its discretion in determining their failure to establish due diligence and reasonableness in attempting to secure proper service on the sole basis of the elapsed time between the filing of the amended complaint and the

effectuation of service, without consideration of their efforts and actions to accomplish service. They further contend that the evidence established their due diligence and reasonableness in effecting prompt service.

The record does not support the contention that the trial court rendered its decision solely on the basis of the time period between the filing of the complaint and effectuation of service without regard for evidence of appellants' efforts. The fact that the court's findings, issued pursuant to plaintiffs' request for clarification and reconsideration of the final judgment, included a statement about the elapsed time does not indicate that the determination of plaintiffs' failure to establish due diligence and reasonableness hinged on that one fact. Moreover, the initial order granting summary judgment on which the appealed-from final judgment and decree was based expressly stated that the trial court was granting summary judgment after hearing argument of counsel and after thorough review of all matters of record.

As to the circumstances of service, the relevant evidence is undisputed. Plaintiffs' daughter died on January 31, 1985, while hospitalized and after having been treated by physicians Moreno and Gonzalez. Plaintiffs filed their original suit against Moreno on August 9, 1985, and a year later filed an amended complaint adding Gonzalez and his professional corporation as party defendants.

During the taking of Gonzalez' deposition on January 28, 1987, plaintiffs discovered a potential issue of care afforded the deceased by physicians at Humana MedFirst Center on January 18, 19, and 21, 1985. Consequently, plaintiffs sought to add as party defendants, Humana, Inc., the corporate entity which owned and/or operated the MedFirst center, Primary Care Physicians Group, P. C., the corporate entity which staffed the facility, and the individual physicians who treated their daughter at the center.

The MedFirst records acquired by plaintiffs' attorney during litigation revealed that the decedent had been treated by a Dr. Michael Johnson on January 18 and 21 and by a Dr. C. Kendall on January 19. The local telephone directory revealed a listing and a local address for a Dr. Michael R. Johnson, but plaintiffs' attorney found no listing in either the white or yellow pages of the telephone directory for a Dr. C. Kendall or any similar name.

On January 29, 1987, plaintiffs moved for and were granted leave to file an amended complaint adding as party defendants, Humana, Inc., Primary Care Physicians Group, P. C., Michael R. Johnson, M.D., and C. Kendall, M.D. The amended complaint contained the directory address for Johnson; it simply stated that Kendall was a citizen and resident of Georgia. The next day, a second original of the amended complaint and service copy of suit along with the required fee was mailed by plaintiffs' attorney to the sheriff to be served on

Johnson at the directory address.

The next month, the service papers were returned to plaintiffs' counsel with the notation that no four-digit number as given existed on the named street so that service could not be effected. Plaintiffs sought Johnson's correct address through formal discovery once the other defendants responded to the newly amended complaint and intended to proceed similarly to obtain Kendall's address.

Humana and Primary Care filed answers on March 3, which were received by plaintiffs' attorney on March 5. The next day plaintiffs served Humana and Primary Care with interrogatories and requests for production of documents, requesting, inter alia, the present, professional and last known addresses for Johnson and Kendall. Defendants responded on April 4, advising that Johnson resided at the address at which plaintiffs had already attempted service and providing a local address for Kendall. These responses were received by plaintiffs' counsel on April 6.

Because discovery revealed an address for Johnson which had been reported by the sheriff's department to be invalid, plaintiffs engaged a private investigator. Later that month, the investigator advised plaintiffs' counsel that the given address was valid, that he had spoken with a woman at that address who identified herself as Johnson's wife, and that plaintiffs should request the sheriff to again serve the papers.

On May 6, plaintiffs' attorney wrote to the sheriff of the county of Johnson's residence advising him that the earlier address for Johnson was not invalid. He also wrote to the sheriff of the county of Kendall's residence asking that she be served at the address uncovered by the discovery. Service was effected on Johnson on May 17 and on Kendall on May 18.

"A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). See also *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (2) (358 SE2d 872) (1987).

If the plaintiff has taken some action to perfect service, "[t]he

trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. [Cits.]" *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). See also *Gulf Oil Corp. v. Sims*, 112 Ga. App. 68, 69 (143 SE2d 776) (1965). The burden of showing lack of fault is on plaintiff. *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978). See also *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988). The appellate court should affirm the trial court's exercise of its discretion in determining whether or not plaintiff has met the burden unless a gross abuse of discretion is shown. See *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975).

Just after deciding that they needed Johnson and Kendall as parties defendant, plaintiffs did make *some* effort to find the doctors' whereabouts, by looking in the telephone directory. There was no evidence of any attempt to consult any other readily available source of physician addresses such as local or national medical associations or the state medical licensing agency. Nor was there any attempt to contact the health center which had employed the two physicians or to hire an investigator promptly. Instead, the automatically time-consuming process of civil discovery was chosen. While some situation might call for the utilization of formal discovery devices as the most expedient or only means of information gathering to effect service, this was clearly not one. Furthermore, once the initial effort to serve Johnson failed because of the sheriff's error, plaintiffs did not verify that the address was non-existent. " ' "[T]he burden is on the plaintiff to investigate and learn where the defendant may be located." (Cit.)' [Cit.]" *Jones v. Brown*, 174 Ga. App. 632, 634 (331 SE2d 24) (1985).

We cannot say as a matter of law that the trial court abused its discretion in determining that in these circumstances plaintiffs failed to establish due diligence and reasonableness in attempting to secure prompt service after the statute had run. See *Smith v. Griggs*, 164 Ga. App. 15, 18 (2) (296 SE2d 87) (1982). See also *Jones*, supra at 634.

2. Division 1 makes unnecessary a consideration of appellants' remaining enumerations of error, which address the second basis for the trial court's ruling.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided September 25, 1989.

*Johnson & Ward, William C. Lanham, Clark H. McGehee*, for appellants.

*Allen & Ballard, William L. Ballard, Fortson & White, Warren*

*C. Fortson, B. Ann Smith, Charles D. McDonald III, Love & Willingham, Hezekiah Sistrunk, Jr.*, for appellees.