A94A0026. DAY v. SAVAGE et al.
(446 SE2d 220)

Judge Harold R. Banke.

The pro se appellant commenced this action against Gwinnett County and several members of the Gwinnett County Police Department, including four John Doe police officers, seeking recovery of personal property or damages for its conversion. However, the defendants were never served because the appellant failed to provide their addresses. Over nine months after the complaint was filed, the trial court discovered that service had never been perfected and entered an order allowing the appellant 30 days in which to do so. Subsequently, when service was not accomplished within that deadline, the trial court dismissed the complaint. This appeal followed.

The plaintiff must act in a reasonable and diligent manner to insure that service was perfected as quickly as possible. *Davis v. Johnson*, 193 Ga. App. 19, 21 (386 SE2d 900) (1989). In this regard, the burden is on the plaintiff to investigate and learn where the defendants may be served. *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24) (1985).

"If the plaintiff has taken some action to perfect service, the trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. . . . The appellate court should affirm the trial court's exercise of its discretion in determining whether or not plaintiff has met the burden unless a gross abuse of discretion is shown." (Citations and punctuation omitted.) *Davis v. Johnson*, supra at 21-22.

In the instant case, in response to the trial court's order to perfect service within 30 days, the appellant only filed a "Motion to Perfect Service in Forma Pauperis," which included the names of the defendants and indicated 75 Langley Drive, Lawrenceville, Georgia (the Gwinnett County government building), as the address where they may be served. He provided no service copies of the complaint and made no further attempt to see that service was accomplished. Under these circumstances, the trial court did not abuse its discretion in dismissing the complaint.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 15, 1994 —
RECONSIDERATION DENIED JULY 12, 1994.

Roger C. Day, *pro se.*

Daniel J. Porter, District Attorney, Michael J. Bowers, Attorney General, for appellees.

Caryl B. Sumner, John E. Underwood, Ann F. Sheldon, amici curiae.