## 52759. CANTRELL et al. v. THE COLEMAN COMPANY, INC. et al.

STOLZ, Judge.

The appellants, Mr. and Mrs. Cantrell, were sued in the Superior Court of Walker County by Margaret Cox and Patrick Cox, b/n/f Margaret Cox, for damages resulting from an alleged shooting of the Cox child with a BB gun by the appellants' minor son. The appellants later filed a third-party complaint against appellee The Coleman Company, Inc. (hereinafter Coleman), alleging on product liability grounds that Coleman was liable to the appellants for any sum that might be adjudged against them. On Coleman's motion, the trial judge dismissed the third-party complaint, from which order the appellants now appeal.

The order of dismissal was predicated upon the appellants' failure to allege the existence of venue in Walker County. Since there are no allegations of venue in the third-party complaint, we must affirm that decision.

The Civil Practice Act provides, "An original complaint shall contain facts upon which the court's venue depends. . ." Code Ann. § 81A-108 (a) (Ga. L. 1966, pp. 609, 619, as amended). In the instant case, the third-party complaint simply "does not 'contain facts upon which the court's venue depends,' and is therefore insufficient as a matter of law." *Neal v. McCall,* 131 Ga. App. 347 (206 SE2d 114) (1974); see *Stinnett v. Ellis,* 121 Ga. App. 279, 280 (173 SE2d 454) (1970); *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68) (1971).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED NOVEMBER 5, 1976.

*Frank M. Gleason, James A. Secord,* for appellants.
*David P. Daniels, Pittman, Kinney, Kemp, Pickell & Avrett, Donald G. Loggins,* for appellees.