## 53892. WEBB v. MURPHY.

QUILLIAN, Presiding Judge.

The plaintiff brought a complaint against the defendant seeking recovery of damages for injuries received in an automobile collision which occurred on June 12, 1974. The complaint was filed on June 10, 1976 just before the two-year statute of limitation on personal injuries ran. Code § 3-1004 as amended (Ga. L. 1964, p. 763). Service of the complaint was had on August 5, 1976.

The defendant moved to dismiss the complaint because it was barred by the statute of limitation. The

motion duly came on for hearing and was sustained by the trial judge, who dismissed the plaintiff's complaint. Appeal followed. *Held:*

The general rule is: "If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Hilton v. Maddox &c. Trim Contractors,* 125 Ga. App. 423, 425 (188 SE2d 167), and cases therein cited. Where service is belatedly perfected, the trial court may dismiss the action when the delay was caused by laches on the plaintiff's part. Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action. *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875, 880 (2) (201 SE2d 628).

As we held in *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360): "the correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." The trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. *Hutchins v. Hunter,* 135 Ga. App. 40, 41 (217 SE2d 375). Accord, *McNeal v. Able,* 135 Ga. App. 702 (218 SE2d 460); *Clarkson Industries v. Price,* 135 Ga. App. 787 (218 SE2d 921).

Here the trial judge heard argument and considered the affidavits filed. Based thereon he found, in his discretion, that defendant's motion should be granted. Although excuses were offered, we can not hold that the plaintiff was diligent, as a matter of law. Hence, the judgment complained of must be affirmed, insofar as it relates to damages for injuries to the person. However, insofar as it sought damages for injuries to personalty the statute had not run. See Code § 3-1002 (Ga. L. 1955-6, p. 233). Hence, it was error to dismiss the entire complaint since it contained an allegation that "plaintiff's vehicle was damaged in the amount of $400."

*Judgment affirmed in part; reversed in part. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED MAY 31, 1977 —

REHEARING DENIED JUNE 27, 1977 — 

*Gilbert & Bone, Aubrey W. Gilbert, James H. Bone,* for appellant.
*Greene, Buckley, DeRieux & Jones, Daniel A. Angelo, Alfred B. Adams, III,* for appellee.