## 56137. BIBLE v. HUGHES et al.

DEEN, Presiding Judge.

1. On April 4, 1977, the appellant filed an action against two physicians alleging malpractice in their treatment of her between April 4 and 11, 1975, on which latter date she alleges they dismissed her from their care. Plaintiff furnished the defendants' address as 1311 Cleveland Ave., East Point, Ga., which is in fact a business address. A return of service at defendants' "most notorious place of abode" by leaving the petitions with "Kathy Elliott" is shown as having been made on each defendant at that address on April 5, 1977. Miss Elliott was a secretary with no authority to accept personal service. Thereafter, each filed a special plea denying venue and sufficiency of process and service of process. From supporting allegations it appears that Dr. Hughes was a resident of Cobb County and Dr. Beinert of Fulton. The plaintiff amended the petition on May 17 alleging these facts and praying for service by second original on the nonresident. Beinert was served personally on November 10, 1977, and Hughes was served personally by the Sheriff of Cobb County on June 8, 1977. The defendants' motion was subsequently sustained and the complaint dismissed.

2. It is obvious that the statute of limitation on this complaint would, under the allegations of the complaint, have run on April 11, 1977, and that the filing of the complaint on April 4 was within the time limited unless the delay in service kept it from relating back to the date of filing. Service is required to be made within 5 days

(although not invalid where made later). Code § 81A-104 (c). Proof of service should be made within the time during which the person served should respond, which is 30 days. Code § 81A-104 (g). Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff. In this determination the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. *Webb v. Murphy,* 142 Ga. App. 649 (236 SE2d 840) (1977). The diligence exercised by the plaintiff describes the true test. *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360) (1975).

3. This complaint was filed April 4, 1977, and should have been served by April 9. The statute of limitation ran on April 11. The reason for lack of service prior to that time appears to be entirely the fault of the plaintiff. For one thing, a complaint must "contain facts upon which the court's venue depends" or it is insufficient as a matter of law. *Cantrell v. Coleman Co.,* 140 Ga. App. 344 (231 SE2d 123) (1976). Here the plaintiff not only failed to allege venue or even to state a correct address where the defendants could be served; she stated an incorrect residence address, and, as to one of them, failed to allege that he was a resident of a county other than the one in which the action was filed. Special motions to dismiss based on lack of venue and service were filed within the 30-day period after filing; however, not until 56 days after filing was the nonresident defendant served, and the resident defendant was not served for 215 days after the action was filed, although, there no appears reason why the plaintiff could not have furnished proper addresses for these defendants at the time of filing, or that the delay was not due to these facts. In *Early v. Orr,* 135 Ga. App. 887 (219 SE2d 622) (1975), the complaint was dismissed where the plaintiff failed to show diligence, and the actual service was made some 70 days after the action limitation. The time between the two-year limitation and service in *Webb v. Murphy,* 142 Ga. App. 649, supra, was 54 days,

and was held attributable to the plaintiff's lack of diligence.

We do not agree that the order in this case affirmatively shows that the court failed to exercise his discretion in the matter. We glean from the cases cited that the *plaintiff* has the burden of showing lack of fault; here, the record shows affirmatively that the plaintiff failed to furnish proper information and in fact furnished wrong information, but makes no suggestion as to why this occurred. It does not matter that the defendants might have had prior *notice* of the complaint; until proper service of the petition as required by Code § 81A-104 (d) (7) by serving them personally or at their respective places of abode they are not parties to the action. Service upon the secretary of a physician at his office address is not personal service unless she has been appointed as his agent for such service.

The trial court did not err in dismissing the complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED JULY 14, 1978.

*Smith & Hamrick, Dewey Smith,* for appellant.
*T. M. Smith, Jr., Robert G. Tanner,* for appellees.