## 55969. JACKSON et al. v. PIPER AIRCRAFT CORPORATION.

BANKE, Judge.

This appeal is from a final order dismissing the appellee as a co-defendant in a wrongful death action. The plaintiff-appellant filed her complaint July 31, 1972, one day before the two-year statute of limitation expired. Although process was purportedly served August 1, 1972 on "Bill Davis as agent for Piper Aircraft Corp.," defendant Piper did not file defensive pleadings or otherwise appear in the case until February 16, 1973. On that date, the defendant moved to be dismissed for want of proper service and for want of jurisdiction and moved also to quash the return of service on the ground that neither Bill Davis nor the other defendants were or ever had been agents of this defendant. It is stipulated in the record that counsel for both plaintiff and defendant Piper orally agreed as of August 1, 1973, to disregard any *further* passage of time insofar as the statute of limitation and any questions of due diligence were concerned. After hearing arguments, the court sustained the defendant's motion to quash return of service on February 19, 1974, and granted plaintiff leave to perfect proper service within a reasonable time, reserving rulings on defendant's motions to dismiss. The defendant was subsequently served on March 22, 1974, pursuant to the Georgia Long Arm Statute, Code Ann. § 24-113.1. The defendant answered, asserting the defense that, as service had not been made with due diligence, the action was barred by the statute of limitation and moved to dismiss. The court sustained the motion and dismissed the action. Plaintiff's attempted appeal of this order was dismissed as being premature for noncompliance with CPA 54 (b) (Code Ann. § 81A-154 (b)). *Jackson v. Piper Aircraft Corp.*, 135 Ga. App. 86 (217 SE2d 404) (1975).

In February, 1978, the court amended its order and expressly found that between August 1, 1972, and August 1, 1973, plaintiff was placed on notice that the defendant Piper had failed to file a timely answer to the complaint. The court further found that plaintiff had "exercised no diligence and exerted no effort in either determining

whether Bill Davis was the agent of Piper or in determining whether service had ever been properly perfected or in getting service perfected." Accordingly, the court found "that the plaintiff is barred by the statute of limitations and by laches from maintaining this action against Piper Aircraft Corporation." *Held:*

The trial judge did not abuse his discretion in finding from the above facts that plaintiff had failed to exercise reasonable diligence by waiting a full year after the statute of limitation had expired before taking any steps to determine whether this defendant had been properly served. See *Webb v. Murphy,* 142 Ga. App. 649 (236 SE2d 840) (1977). Consequently, the statute of limitation was not tolled by the filing of the complaint, and the trial judge correctly granted this defendant's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1978 — DECIDED SEPTEMBER 12, 1978.

*Joseph B. Bergen, Wraggs & Wraggs, W. A. Wraggs,* for appellants.

*Bouhan, Williams & Levy, Paul W. Painter, Jr., Walter C. Hartridge, Ratcliffe & Callaway, William E. Callaway, Jr.,* for appellee.