### 69818. JONES v. BROWN.
(331 SE2d 24)

CARLEY, Judge.

Appellant appeals from an order dismissing her suit for personal injuries on the ground that the action was barred by the statute of limitation.

The record reveals that appellant and appellee were involved in

an automobile collision on December 24, 1981. Appellee's insurer paid appellant for the property damage resulting from the collision. Appellant engaged in negotiations with the insurer regarding her claim for personal injuries, but no settlement of that claim was reached. On December 21, 1983, appellant, acting pro se, filed an action for personal injuries against appellee in the State Court of DeKalb County. On December 22, 1983, the Marshal of DeKalb County returned the summons and complaint *non est*, having been unable to perfect service because appellee did not reside in DeKalb County. The relevant statute of limitation, OCGA § 9-3-33, ran as to appellant's cause of action on December 24, 1983.

In March 1984, appellant retained counsel, who moved to transfer the DeKalb County suit to Henry County. The motion was granted, and appellee was served with process in the transferred action on May 21, 1984, almost 5 months after the statute of limitation had run. Appellee moved to dismiss the case on the ground that service had not been perfected within a reasonable time after the running of the statute of limitation. The motion was granted. Appellant asserts on appeal that the trial court abused its discretion in dismissing the action.

" ' "In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law . . . Filing followed by service creates a pending suit from the date of filing." ' [Cit.] . . . . 'Where the statute of limitation accrues between the date of filing and the date of service, whether or not [service] relates back . . . depends on the length of time and the diligence used by the plaintiff.' [Cits.]" *Scoggins v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 408, 409-410 (274 SE2d 775) (1980). "In any case, the correct test must be whether the plaintiff showed that [s]he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. . . . A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If [s]he were, of course [s]he would be barred, but if [s]he acted in a reasonably diligent manner then [s]he would not be." *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). "In [making] this determination the trial court . . . is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. [Cit.]" *Bible v. Hughes*, 146 Ga. App. 769, 770 (247 SE2d 584) (1978).

In the instant case, appellant filed an affidavit explaining that she had originally filed suit against appellee in DeKalb County because appellee's insurer had informed her that appellee resided in DeKalb County at the time of the collision and at the time suit was

filed. As soon as appellant was notified that appellee could not be served in DeKalb County, she attempted to locate appellee. Appellant checked city directories and telephone books, and she went to appellee's previous residence to make inquiries of current residents and neighbors. She eventually located appellee through a Georgia Department of Motor Vehicles trace of the vehicle identification number of appellee's automobile.

In opposition to that evidence, appellee filed an affidavit of an employee of her insurer. That employee swore that appellant had never asked the insurer or any of its employees where appellee resided, and that if appellant had requested that information, it would have been provided. Appellee's own affidavit stated that she resided at a specified address in Henry County, and that she had resided there continuously since September 1983.

" '(T)he burden is on the plaintiff to investigate and learn where the defendant may be located.' [Cit.]" *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982). The trial court found that appellant herein had failed to locate appellee and perfect service in a sufficiently timely manner. "The trial judge's order clearly indicates that he exercised his discretion and found that the delay in service was attributable to [appellant's] failure to exercise reasonable diligence and that [appellant] was guilty of laches. The record clearly demonstrates no abuse of that discretion. Accordingly, the order of the trial court must be affirmed. [Cit.]" *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984). See also *Smith v. Griggs*, 164 Ga. App. 15, 17-18 (2) (296 SE2d 87) (1982); *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977); *Echevarria v. Hudgins*, 173 Ga. App. 39 (325 SE2d 423) (1984). Compare *Scoggins v. State Farm Mut. Auto. Ins. Co.*, supra; *Hutchins v. Hunter*, 135 Ga. App. 40 (217 SE2d 375) (1975).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1985 —
REHEARING DENIED APRIL 25, 1985 —

*John F. Daugherty, H. Edward Marks, Jr.*, for appellant.
*Lawrence J. Myers, Albert H. Parnell*, for appellee.