## 74098. BRUMBALOW v. FRITZ.
### (358 SE2d 872)

BENHAM, Judge.

On November 7, 1983, appellant's daughter was suffering from severe lower back pain, pain in her shoulders and upper abdomen when breathing, and burning with urination. Appellant took her to the emergency room at Button Gwinnett Hospital, where she was examined by appellee Dr. Fritz. Appellee arranged for blood and urine samples and x-rays to be taken of appellant's daughter, who fainted during the process. Appellee made a preliminary diagnosis and recommended that the daughter be admitted to the hospital for further examination and testing. Appellant's daughter refused appellee's advice and declined admission to the hospital. Appellee released her, against his medical advice, when she also refused to allow him to make an appointment with her personal physician for the next day. She insisted on making her own appointment with her physician. After appellant assisted her daughter in leaving the emergency room, her daughter fainted and fell in the hospital hallway. In an attempt to help her daughter, appellant fell and fractured her hip.

Appellant sued appellee and others on October 17, 1985, approximately three weeks before the statute of limitation expired, claiming that appellee's treatment of her daughter was negligent in that he did not provide a wheel chair or proper medical personnel to assist her during her discharge from the hospital. Appellee was not served with the summons and complaint until March 12, 1986, almost five months after the action was brought. After discovery, appellee filed a motion for summary judgment, which appellant opposed. The trial court

granted appellee's motion, holding that, based on appellee's affidavit, his treatment of appellant and her daughter at all times equaled or exceeded the standard of care practiced by the medical profession generally under the same conditions and circumstances; that appellant's medical expert's affidavit failed to address appellee's alleged omissions as stated in the complaint; and that as a matter of law appellant had not demonstrated that the requisite physician/patient relationship had existed between appellee and appellant or her daughter, because the consensual transaction upon which such a relationship is based had been terminated when appellant's daughter refused to follow appellee's advice and left the emergency room of her own accord. The trial court also found that appellant's case was subject to judgment under the doctrine of laches, inasmuch as appellant did not demonstrate diligence or reasonableness in attempting to locate appellee to effect service on him. Appellant here challenges the trial court's rulings as stated above. We affirm.

1. The trial court did not err in making the findings of fact and conclusions of law as set out in its order, and our review of the record supports those findings and conclusions. The affidavit and other material submitted by appellee pierced appellant's allegations. Appellee sufficiently negated one of the elements of the classic medical malpractice action, the existence of a physician/patient relationship, upon which the instant case was based, and was therefore entitled to summary judgment in the absence of appellant's specific evidence to the contrary. *Clanton v. Von Haam,* 177 Ga. App. 694 (2) (340 SE2d 627) (1986).

2. The trial court also acted properly in ruling in appellee's favor on the laches issue. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.,* 167 Ga. App. 673 (3) (307 SE2d 134) (1983). It was undisputed that almost five months elapsed from the time of filing to the time of service on appellee, that the statute of limitation expired more than four months before service was perfected, and that appellant made no effort to contact appellee's counsel to determine his whereabouts although she knew his counsel's identity. Therefore, judgment in appellee's favor was well

predicated on this ground. Id.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 5, 1987.

*Theodore P. Blanco,* for appellant.
*John M. McGarity, William L. Ballard,* for appellee.