### 76996. MILLER v. HANDS.
(372 SE2d 657)

DEEN, Presiding Judge.

In May 1984 appellee Hands went to Crawford W. Long Hospital for diagnosis of certain symptoms which she feared might indicate, *inter alia,* a heart attack. After undergoing a battery of tests, she was wheeled on a stretcher to the X-ray room. The nurse on duty, appellant Miller, requested that she leave the stretcher and stand in front of the X-ray machine. She did so but, while standing there, collapsed and fell to the tile floor, injuring her elbow and other parts of her body in the fall. She alleges that Miller was negligent in making her leave the stretcher unaided — especially when, she further alleges, she had complained of weakness — and in failing to render proper aid when she fell. Miller alleges, to the contrary, that Hands had given no indication that she was unable to stand unaided, that she herself had assisted Hands in getting up from the stretcher, and that she and a resident physician had rushed immediately to Hands' aid when she fell.

Hands' original suit against Miller and the hospital resulted in a mistrial on October 28, 1986, and was dismissed without prejudice. It was refiled pursuant to OCGA § 9-2-61 January 20, 1987, within the statutory six-month period, and on January 26, 1987, process was served not upon Miller herself but upon the hospital administrator, who at the same time accepted service on behalf of the hospital. Although the deputy marshal responsible for serving the defendant indicated in the Return of Service that he had served Miller personally, he subsequently executed an affidavit in which he stated that the administrator had told him that, in order to avoid disturbing the orderly functioning of the hospital, he himself would accept service as Miller's

agent. According to the hospital administrator's affidavit, he himself then delivered both summonses and complaints to the hospital's legal department.

Miller answered on February 25, 1987, raising as defenses improper venue, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. On June 15, 1987, the six-month period for refiling having expired, Miller filed a motion to dismiss on the basis of lack of service within the statutory period. Plaintiff/appellee responded to this motion on June 30, 1987, and on August 5, 161 days after the defense of lack of service had been raised in Miller's answer, personal service was effected upon Miller at her home in Powder Springs, Ga. After a September 3 hearing, the Fulton County State Court on November 13, 1987, denied the motion to dismiss. We granted this interlocutory appeal for the purpose of determining whether the trial court erred in holding that the service of process related back to the date of the filing of the complaint and whether, as a consequence, it erred in denying appellant's motion to dismiss. *Held*:

In *Hilton v. Maddox &c. Trim Contractors*, 125 Ga. App. 423 (188 SE2d 167) (1972), this court held at 425: "(I)f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing." In *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977), we cited this rule and held: "Where service is belatedly perfected, the trial court may dismiss the action when the delay was caused by laches on the plaintiff's part. Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action." Id. at 650.

In *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975), this court had held at 781, that the correct test as to whether the statute will be tolled, so that service of process will relate back to the time of filing of the complaint, "must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." In *Webb v. Murphy, supra*, we cited this criterion and held at 650: "The trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts." In *Bible v. Hughes*, 146 Ga. App. 769 (247 SE2d 584) (1978), we held at 770, that if the trial court determines that the delay "is attributable to the plaintiff and the court dismisses the complaint[,] this court will not intervene." In that case we held further at 771, that "the *plaintiff* has the burden of showing lack of fault . . . It does not matter that the defendants might have had prior *notice* of the complaint; until proper service of the petition . . . [is effected] by serving them personally or at their . . . places of

abode[,] they are not parties to the action." (Emphasis in the original.) Accord *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24) (1985); *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510) (1982).

In the instant case plaintiff/appellee Hands alleges that she had relied on the deputy marshal's return of service and had had no notice that service had not been perfected until the filing of the motion to dismiss on June 15, 1987. Defendant/appellant alleges, however, that Hands did receive actual notice when Miller filed her responsive pleading February 24, 1987, raising as a defense, *inter alia*, insufficiency of service of process; and that Hands' failure at that time to take affirmative steps to effect proper service constitutes laches, or lack of due diligence, which should require the court to find as a matter of law that service did not relate back. Hands contends that the "insufficient service" defense is merely one of the "boilerplate" defenses routinely asserted in many responsive pleadings and as such would not necessarily have alerted the plaintiff that service might not have been as indicated on the deputy marshal's return of service; and that, once the motion to dismiss was filed, due diligence was exercised in finding the address at which appellant Miller (who had left the employ of the hospital, had moved from her former dwelling, and had married, changing her last name to Garner) could be served. She asserts that this contention is borne out by the fact that, despite these obstacles, Miller was located and personally served approximately seven weeks after the motion to dismiss was filed. See *Brumbalow v. Fritz*, 183 Ga. App. 231 (358 SE2d 872) (1987); *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986).

The trial court's order in the case at bar indicates that the court considered all the evidence, including some evidence which might arguably be construed as suggesting an affirmative effort to prevent Hands from perfecting personal service on Miller; and exercised her discretion in determining that plaintiff/appellee Hands had exhibited that degree of diligence appropriate in the circumstances. This being so, and this court being bound to construe the evidence in the light most favorable to the judgment, we find no abuse of discretion and therefore are constrained not to interfere with the judgment below. *Bible v. Hughes*, supra.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

*Robert G. Tanner, Stephen H. Sparwath*, for appellant.
*James W. Lewis, Lynn A. Downey*, for appellee.