A89A1377. WATTERS v. CLASSON.
(388 SE2d 397)

BEASLEY, Judge.

In this personal injury suit alleging negligence resulting in an automobile collision, plaintiff Watters appeals the grant of defendant Classon's motion to dismiss for insufficiency of service of process. Service of the renewed complaint was perfected 105 days after its filing and beyond the limit set by statute.

Dismissal was granted upon the trial court's determination that the unsuccessful efforts to perfect service on defendant, who had moved, were not sufficient because plaintiff had considerable information about defendant which could have easily led to timely service but was not availed of, resulting in an unreasonable delay in service. Appellant challenges the evidentiary support for the court's adverse decision and the court's compelling her deposition, after the six-month period provided by USCR 5, for the limited purpose of ascertaining the attempts at service of process.

The relevant circumstances of service and accomplishing the deposition are undisputed. The collision occurred on October 30, 1983, while Watters was a passenger in a vehicle driven by Classon. Watters filed suit in DeKalb County on October 25, 1985, five days before the running of the statute of limitation. Classon was served on November 8, nine days after the statutory time. An answer was filed and defendant sought discovery, but Watters dismissed her complaint without prejudice on August 27, 1986.

She renewed the suit on January 26, 1987. After initial attempts to serve defendant were unsuccessful, plaintiff's attorney had a special agent for service of process appointed. The special agent did not serve process on defendant until May 11, 1987. Defendant answered the suit on June 10, asserting, *inter alia*, improper venue, lack of personal jurisdiction, and plaintiff's failure to exercise due diligence in securing service. Defendant also moved to transfer the case to Forsyth County where she then resided. The case was transferred July 8.

Following correspondence with Watters' counsel, defendant

served Watters on February 11, 1988, with a notice to take deposition and to produce, for the limited purpose of uncovering the attempts at service of the renewed complaint. Watters refused to appear at the deposition on the ground that the six-month discovery period prescribed by USCR 5 had expired.

Defendant moved to compel Watters to submit to a deposition or, in the alternative, to dismiss Watters' claim. Following a hearing, the motion for a limited deposition was granted, the court exercising the authority given by the rule to extend the rule's time period. The court reserved ruling on defendant's motion to dismiss for insufficiency of service pending completion of the deposition and its review.

Thereafter the court granted the motion to dismiss, finding that the deposition revealed the following: Plaintiff and defendant were roommates when the auto collision occurred. The parties were good friends, with defendant participating in plaintiff's wedding on September 15, 1984. The parties remained in contact after the wedding. Plaintiff attended a Halloween party at defendant's house and knew defendant's family both in Georgia and in Michigan. Plaintiff knew that defendant worked at Roswell Sign Company and visited defendant's workplace on at least one occasion. At no time during the period in which service on defendant was attempted did plaintiff provide or volunteer information to her attorney about defendant's whereabouts, even though plaintiff knew her attorney was having difficulty locating defendant.

1. If a plaintiff has taken some action to perfect service in a situation where suit is timely filed but service is perfected outside the limitation period, see OCGA §§ 9-11-3; 9-11-4 (c), the trial court must determine, exercising its legal discretion, whether the plaintiff was diligent. See *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977); see also *Gulf Oil Corp. v. Sims*, 112 Ga. App. 68, 69 (143 SE2d 776) (1965). If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches. See *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). See also *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (2) (358 SE2d 872) (1987). The same applies to a renewed action. Plaintiff has the burden of showing lack of fault. *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978). See also *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988). The appellate court must affirm the trial court's exercise of its discretion in determining whether or not plaintiff had met the burden unless a gross abuse of discretion is shown. See *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975).

While appellant makes much of certain of the trial court's phrasing in its findings and certain inferences made by the court, the evidence adduced at the deposition supports the court's ultimate deter-

mination. In addition, an affidavit by Classon's counsel stated that at all times during his representation of Classon, the attorney knew of her current address and place of employment but that no one representing Watters contacted him regarding Classon's whereabouts. Plaintiff had the burden to investigate and learn where the defendant might be located. *Jones v. Brown*, 174 Ga. App. 632, 634 (331 SE2d 24) (1985).

There was no abuse of the trial court's discretion as a matter of law. See *Smith v. Griggs*, 164 Ga. App. 15, 18 (2) (296 SE2d 87) (1982).

2. The trial court did not err on the basis urged by ordering plaintiff's compliance with defendant's notice of deposition. The deposition was not part of the discovery procedure to uncover information regarding the incident giving rise to the litigation on the merits of the claim but was merely for the purpose of determining the sufficiency of plaintiff's efforts in achieving service. The effect was the same as holding a hearing on the matter. Plaintiff and/or her witnesses would have had to relate the steps taken to perfect service or suffer dismissal, the consequence of failing to show diligence. The deposition route gave plaintiff the same opportunity to meet her burden.

Even if the court had not had authority to order compliance with the deposition request and improperly considered the deposition as evidence, dismissal of the suit would still be warranted because the record is devoid of any showing by plaintiff that she exercised due diligence and reasonableness in attempting to serve process on defendant.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1989.

*Daniel T. Donohue*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, D. Gary Lovell, Jr., William T. Clark*, for appellee.