A90A0379. LAND v. CASTEEL.
(393 SE2d 710)

BEASLEY, Judge.

Defendant Land was driving Martin's vehicle when she was involved in a collision with plaintiff Casteel. In this suit for personal injuries arising out of the collision, interlocutory appeal from the denial of Land's motion for summary judgment or, in the alternative, motion to dismiss was granted. The foundation for the motions was a claim of staleness because service on Land was perfected approxi-

mately a year after complaint filing and more than ten months after statute of limitation expiration, and reasonable diligence was not shown. After a hearing and consideration of the record, the trial court found that Casteel had exercised reasonable diligence in perfecting service of process upon Land.

"A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). See also *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (2) (358 SE2d 872) (1987).

If a plaintiff has taken no action to perfect service, a petition to permit belated service should be denied as a matter of law. *Gulf Oil Corp. v. Sims*, 112 Ga. App. 68, 69 (143 SE2d 776) (1965). But if plaintiff has taken some action, "[t]he trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. [Cits.]" *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). See also *Gulf Oil Corp.*, supra at 69. Plaintiff has the burden of showing lack of fault. *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978). See also *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988).

The collision occurred March 17, 1986. Martin and Land, who was Martin's sister-in-law's friend, had known each other since 1983, were dating and living together at the time of the mishap. They continued to reside together until three to six months thereafter. Casteel filed his complaint against Land and Martin on January 26, 1988. On that day Casteel's counsel employed a special agent for service of process on the defendants. He served Martin with a copy of the complaint on February 13 and questioned Martin about Land's location and identity. Martin gave him Land's telephone number. Land was a lifelong resident of Forsyth County. Her parents resided in the same place in Cumming for seventeen years. Prior to and following her living with Martin, Land resided with her parents.

Due to Martin's misunderstanding of the significance of the served papers and his failure to deliver them to his insurer, the claim against him went into default. On July 22, Martin and Casteel agreed

to open the default. This was granted and Martin's answer was filed the same day. Land still had not been served. Casteel did not serve any interrogatories on Martin nor inquire of Martin about Land's whereabouts until Martin was deposed by Casteel on December 7, nearly five months after Martin's answer was filed and nearly nine months after expiration of the statute of limitation.

During deposition, Martin stated he was employing Land's brother in his roofing business; Land was living with her parents whom he knew and whose house he had been to; he was still dating Land and had seen her the previous evening. He provided the name of Land's employer, the nature of her work, her hours, and the location of the business. He was not asked for Land's home address.

Martin filed a motion for summary judgment on January 17, 1989, which was unopposed by Casteel and granted on April 10. Two days after Martin filed his motion, on January 19, Hardin served Land with the suit at her parents' home.

"Plaintiff had the burden to investigate and learn where the defendant might be located. *Jones v. Brown,* 174 Ga. App. 632, 634 (331 SE2d 24) (1985)." *Watters v. Classon,* 193 Ga. App. 493 (388 SE2d 397) (1989). There is no evidence that defendant Land tried to secret herself so as to avoid service. She was a longtime resident of a small community. In addition to the ordinary and customary means of obtaining information about an individual's whereabouts, the plaintiff had, in the person of Martin, a wealth of information about Land. Even if, as plaintiff asserts, Martin could not be readily utilized as a resource to locate Land until the claim against him was out of default and he had answered the suit, once this occurred plaintiff still failed to make an expeditious and meaningful effort to locate Land via Martin. Only after Martin made a meritorious motion for judgment in his favor did plaintiff accomplish service on Land as remaining defendant.

Plaintiff Casteel failed as a matter of law to carry his burden of showing lack of fault and reasonable diligence in perfecting service of process on Land. See *McNeal v. Able,* 135 Ga. App. 702 (218 SE2d 460) (1975). See also *Brunswick Hardware Co. v. Bingham,* 110 Ga. 526 (35 SE 772) (1900); *Elwell v. Haney,* 169 Ga. App. 481 (313 SE2d 499) (1984); *Forsyth v. Brazil,* 169 Ga. App. 438 (313 SE2d 138) (1984); *Deal v. Rust Engineering Co.,* 169 Ga. App. 60 (311 SE2d 499) (1983). It was an abuse of discretion to deny Land judgment as a matter of law on the time-barred claim against her. See *Childs v. Catlin,* 134 Ga. App. 778, 782 (216 SE2d 360) (1975).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

458

Decided April 13, 1990 —
Rehearing denied April 30, 1990 — 

*Fain, Major & Wiley, Gene A. Major, Richard Kopelman*, for appellant.
*Richard E. Stark, John F. Sweet*, for appellee.