A90A0144. ANDERSON v. HUGHES et al.
(395 SE2d 623)

BEASLEY, Judge.
Plaintiff Anderson appeals the grant of summary judgment to defendants Hughes, individually and d/b/a Saf-Ez Archery Products, Inc., in this product liability action. It alleged negligence, breach of implied warranty, and strict liability in the manufacture of a climbing/safety belt. Anderson maintained that he was using the device while climbing a tree when the stitching holding the tree strap to the safety belt broke, causing him to fall and sustain injury.

Defendants moved for summary judgment on the grounds that (1) plaintiff's claims were time-barred because of late service; (2) plaintiff's claim under OCGA § 51-1-11 was barred because there was no "sale" of the climbing/safety belt; (3) plaintiff's claims against Hughes individually were barred because the belt was manufactured by the corporation; and (4) plaintiff's claims of breach of warranty were barred by reason of lack of privity between plaintiff and defendants. The trial court's order did not specify the basis for the grant of summary judgment.

Plaintiff contends that he was not guilty of laches in perfecting service of process, that OCGA § 51-1-11 did not require a "sale" of the product, and that claims against Hughes personally were not

barred by the corporate existence in that Hughes personally designed and manufactured the belt. Plaintiff does not challenge the lack of privity ground and hence the granting of summary judgment on the breach of warranty claims.

1. The procedural time-bar is dispositive.

"A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). See also *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (2) (358 SE2d 872) (1987).

If a plaintiff has taken no action to perfect service, then a petition to permit belated service should be denied as a matter of law. *Gulf Oil Corp. v. Sims*, 112 Ga. App. 68, 69 (143 SE2d 776) (1965). If the plaintiff has taken some action, "[t]he trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. [Cits.]" *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). See also *Gulf Oil Corp.*, supra at 69. The burden of showing lack of fault is on the plaintiff. *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978). See also *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988).

Construed in favor of plaintiff, the facts surrounding service of process were the following. The mishap occurred on October 10, 1986. Plaintiff filed suit on September 30, 1988, against "Robert Hughes, individually and d/b/a Saf-Ez Archery Products," ABC and XYZ corporations, and three "John Doe" defendants. Hughes went by the nickname of "Bob" and appellant mistakenly named "Robert Hughes" as defendant when Hughes' correct name was "Herbert A. Hughes." Hughes was listed in the telephone directory as "Bobby" and "Herbert A." Hughes.

On October 8, the sheriff attempted service on "Robert" Hughes at Hughes' residence. Hughes was not at home and the sheriff spoke with Hughes' wife. The next day the sheriff again attempted service at Hughes' residence. Hughes was at home and informed the deputy that his name was not "Robert" but "Herbert A." Hughes and that he also went by the name of "Bob" Hughes. The deputy asked to see

Hughes' driver's license, wrote down information from the license and drove off. Even though Hughes had never seen a lawsuit before and did not know what he was looking at, he had an idea that the documents were for him because they also bore the name "Saf-Ez Archery Products." He told others that the sheriff was trying to serve him but had the wrong name.

The return of service, dated October 20, showed that service had not been accomplished on "Robert Hughes" and bore a notation that the subject at the given address was "Herbert A. Hughes." Plaintiff amended his complaint on December 15 to reflect "Herbert A. Hughes, A/K/A Robert Hughes" and service on Hughes was accomplished by the sheriff the following day, nearly two months after the initial return of service indicating Hughes' correct name and more than two months after expiration of the statute of limitation.

Hughes answered the suit on January 11, 1989, raising the defense that the belt was not manufactured by him individually but rather by his corporation, "Saf-Ez Archery Products, Inc." Plaintiff again amended his complaint on February 14. Although there was no change in the style of the complaint to reflect that the business was incorporated, portions of the body of the complaint named Saf-Ez as a corporate entity. The amended complaint was served on "Herbert A. Hughes d/b/a Saf-Ez Archery Products" more than four months after the statute of limitation had run, on February 23.

Plaintiff had the burden to investigate and learn where defendants might be located. See *Watters v. Classon*, 193 Ga. App. 493 (388 SE2d 397) (1989). Of necessity this would entail ascertaining defendants' proper identities. What is more, once defendants asserted by their summary judgment evidence the belated service and the plaintiff's lack of diligence in this regard, it was up to plaintiff to come forward with evidence of his lack of fault and reasonable diligence or suffer judgment in favor of defendants based on a finding of laches. A finding of laches in regard to service may be made as a matter of law even when the plaintiff has made some attempt at service. See, e.g., *Land v. Casteel*, 195 Ga. App. 455 (393 SE2d 710) (1990).

There was no evidence that plaintiff made any initial investigation to ascertain Hughes' correct name, i.e., whether or not "Bob" or "Bobby" stood for "Robert." He just assumed defendant's name was "Robert." If there was an identity of address for Hughes' two telephone listings, a look in the telephone directory would have indicated that "Bob" or "Bobby" was "Herbert A." and not "Robert." Hughes had resided at the same residence for over twenty-five years. Moreover, even though plaintiff knew that Hughes was called "Bob" he neglected to initially add that name to the suit and request that service be made on the defendant bearing that alternate name. Furthermore, plaintiff initially made no attempt to serve the corporate de-

fendant.

Although suit was filed close to the expiration of the statute of limitation, appellant made no effort to expedite the initial service of process by having a special agent appointed or by any other means. Even though the October 20 return of service indicated the name problem, appellant likewise made no effort to expedite service of the amended complaint but chose to let it be served in due course by the sheriff. At that belated point plaintiff still made no attempt to serve the company. No explanation was offered for the two-month delay in finally serving Hughes under his real name.

Contrary to plaintiff's assertion, there is no evidence that Hughes tried to evade service of process. Rather, the evidence is that he told the deputy the truth that he was not "Robert" Hughes and what his correct name was. The fact that Hughes suspected that the documents might be intended for him and that he related such information to others did not show evasion. There was no evidence that Hughes denied to the deputy that the suit was intended for him or that he hid from service or affirmatively refused service. Moreover, actual knowledge by a defendant that a complaint has been filed does not cure a defect in service. See *Adams v. Gluckman,* 183 Ga. App. 666, 667 (1) (359 SE2d 710) (1987). See also *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). *Atlanta Veterans Transportation v. Westmoreland*, 123 Ga. App. 466 (181 SE2d 504) (1971), cited by plaintiff, differs because service was completed on the misnamed defendant.

The evidence on summary judgment authorized the determination that plaintiff failed as a matter of law to exercise reasonable diligence in effecting service of process on both the individual and corporate defendants. Summary judgment on all claims in favor of defendants was warranted on this basis.

2. It is therefore unnecessary to address plaintiff's remaining contentions.

*Judgment affirmed. Pope, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

I must reluctantly agree that the majority opinion is correct in saying that the plaintiff did not adequately explain his delay in serving the defendants properly. The facts do not support a finding that Hughes evaded service; all he did was tell the process server that he was not Robert Hughes, and showed the sheriff his driver's license showing he was Herbert Hughes. Hughes acknowledged that he had a good idea that the suit was meant for him because he saw the name of his corporation on the complaint as well, but I am not sure we may declare a duty upon someone to go out of his way to clarify such a

situation. Also, Hughes certainly did not refuse to accept the process; the sheriff did not leave it there.

*More importantly,* the appellant offers *no* excuse for the two-month delay in finally serving Hughes under his real name. It could be argued that Hughes contributed to the delay by not telling the sheriff that the plaintiff must have meant to sue him, but there appears to be no excuse for waiting two months before perfecting service after that. Hughes *never* concealed his real name. In fact, the record shows that the appellant's lawyer asked the sheriff to serve "Robert Hughes" again, even after the sheriff returned the process with the explanation that the resident at that address was named Herbert Hughes, not Robert Hughes.

DECIDED JUNE 21, 1990 —
REHEARING DENIED JULY 3, 1990 — CERT. APPLIED FOR.

*Jordan & Bodner, H. Garold Jordan,* for appellant.

*G. Thomas Davis, William F. Mitchell, Drew, Eckl & Farnham, Stevan A. Miller, Haas, Bridges & Kane, Stephen R. Kane,* for appellees.