A93A0002. TRAVER v. McKNIGHT.
(430 SE2d 164)

McMURRAY, Presiding Judge.

Plaintiff Floyd D. Traver brought this personal injury suit against Vanessa McKnight on March 2, 1990, alleging that defendant negligently injured him on March 4, 1988. A deputy marshal tried to serve defendant at the apartment address set forth in the complaint; he returned the summons non est. Soon thereafter, plaintiff hired a skip tracer to find and serve defendant — to no avail. Then, on April 1, 1991, more than three years after plaintiff was injured and one year after he filed suit, defendant moved to dismiss the complaint. In support of the motion, defendant submitted an affidavit in which she deposed that she lived at the apartment specified in the complaint until July 31, 1988, when she moved to another apartment in the same apartment complex; that she moved to her current address on September 1, 1989 and has lived there since that time; and that she never "attempted to evade service of process or hide [her] whereabouts."

Plaintiff served interrogatories upon counsel for defendant seeking defendant's current address. Additionally, plaintiff served notice upon defendant's counsel that he intended to depose defendant. Defendant's counsel did not provide the information sought in the interrogatories and defendant did not attend the deposition. In an affidavit filed in opposition to the motion to dismiss, plaintiff's counsel deposed, in part: "Where intense pursuit of all publicly and privately

available trails of information [lead to the] conclusion that a present dead end has been reached, the remaining technique to be employed is to allow sufficient time to pass to generate new events which create public record of address or other indication of location, such as renewal of a driver's license, registration of an automobile or report of its sale, voter registration, publication of telephone listings . . . and other public events. It was and is the opinion of plaintiff's counsel that this approach is the most reasonable approach to search for the location of an elusive defendant."

Defendant's motion to dismiss was argued in the trial court on April 8, 1992. Plaintiff had yet to perfect service upon defendant by that time. The trial court determined that plaintiff did not show "due diligence in his efforts to locate the defendant and serve her within a reasonable time of the filing of the complaint." Accordingly, it granted defendant's motion to dismiss. In reaching its decision, the trial court opined: "Defendant's affidavit testimony that she has made no attempt to evade service or hide is also uncontroverted." Plaintiff appeals. *Held*:

Plaintiff asserts the trial court erred in finding that defendant did not attempt to evade service or hide and in granting the motion to dismiss. In this regard, he argues that defendant's failure to answer his interrogatories and attend a deposition demonstrates that she was evading service. We disagree. Defendant had no obligation whatsoever to respond to plaintiff's discovery requests until such time as she was served with process. And it cannot be said that defendant was trying to evade service or hide simply because she did not participate voluntarily in discovery.

"Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff. In this determination the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977). The diligence exercised by the plaintiff describes the true test. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975)." *Bible v. Hughes*, 146 Ga. App. 769 (2), 770 (247 SE2d 584).

The trial court did not abuse its discretion in determining that plaintiff did not exercise due diligence in attempting to serve defendant. Id. After initially trying to find defendant, plaintiff took no further steps to effectuate service for nearly two years. Plaintiff did not exercise due diligence because he was waiting for "sufficient time to pass to generate new events which create public record of address." Due diligence requires action, not words.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993 

*Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellant.
*Clifton Lee & Associates, Clifton Lee, Jean F. Johnson,* for appellee.