## A94A0635. LAWRENCE v. NOLTIMIER.
(445 SE2d 378)

SMITH, Judge.

Hazel Lawrence filed a personal injury action against Laurie Bonta Noltimier and another on October 21, 1992, for injuries sustained as the result of a traffic collision that occurred on October 22, 1990. The applicable statute of limitation is two years. OCGA § 9-3-33. Noltimier was not served until April 6, 1993, 166 days after the statute of limitation had expired. The trial court granted Noltimier's motion for summary judgment (with supporting affidavit), which relied solely on the applicability of OCGA § 9-3-33, and Lawrence appeals.

"The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case. The principle of law controlling our decision in this case is well-settled: Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that [s]he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If [s]he were, of course [s]he would be barred, but if [s]he acted in a reasonably diligent manner then [s]he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *Freemon v. Dubroca*, 177 Ga. App. 745, 746 (2) (341 SE2d 276) (1986).

The sole question before us is therefore whether the court's discretion was "actually abused and cannot be supported as a matter of law. [Cit.]" *Varricchio v. Johnson*, 188 Ga. App. 144, 146 (372 SE2d 455) (1988). Lawrence has failed to make this showing. Although she emphasizes that Noltimier gave an incorrect address to police at the accident scene in October 1990, she admits she did not even initiate a search for Noltimier until after "the return of no service" over two years later.

Lawrence then hired an investigative agency, which she contends "conducted a wide ranging investigation throughout the Atlanta-Metro-area . . . over an extended period of time spanning November 2, 1992 through December 29, 1992," when Noltimier was finally located. Although Lawrence has presented a thorough list of activities she instructed the search firm to undertake, she does not demonstrate

as a matter of law that the search firm undertook those activities with due diligence. Lawrence's counsel filed an affidavit claiming that there were eight days "especially" during this period when the search was actually conducted, but does not specify what activities were conducted on each of those dates. The mere fact that such a list was amassed proves nothing. "Due diligence requires action, not words," *Traver v. McKnight*, 208 Ga. App. 278, 279 (430 SE2d 164) (1993), and a showing of diligence naturally requires specificity in making the required showing of the actions *in fact* undertaken to locate the missing defendant. Lawrence's counsel states by affidavit what the firm was "directed" to do, then states that the firm conducted the search "as directed." The affidavit of the firm's principal, however, merely confirms that he canvassed the neighborhood and conducted an inquiry around Noltimier's only known address, that he eventually discovered Noltimier's address, and that the search spanned the period claimed by Lawrence.

Once Noltimier was located on December 29, 1992, Lawrence considered it necessary to transfer the case from DeKalb State Court to Fulton State Court since neither defendant lived in DeKalb County. She did not initiate this process until January 7, 1993, a span of time which "in view of the intervention of the holiday period was not unreasonable," according to Lawrence. A transfer order was entered in DeKalb State Court on February 3, 1993. The summons was not filed in Fulton State Court until March 3, 1993. Lawrence asserts that a second original was forwarded to the Sheriff of Cobb County, "who, for whatever reasons did not locate . . . Noltimier and serve her until April 6, 1993."

Lawrence makes much of Noltimier's alleged unclean hands, but this is not dispositive of the issue before us. Statutes of limitation are not solely for the benefit of those who assert them as a defense. They " 'find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices *to spare the courts from litigation of stale claims*, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. (Cits.)' " (Emphasis supplied.) *Canton Textile Mills v. Lathem*, 253 Ga. 102, 105 (1) (317 SE2d 189) (1984).

Based on the record before us, we cannot say the court's exercise of discretion here is unsupportable as a matter of law. Lawrence failed to initiate a search for Noltimier until after the statute of limitation had already run, has failed to present a record confirming the lack of significant periods of inactivity, and was admittedly inactive in early January during what she considered to be the "holiday season." Assuming, without deciding, that Lawrence could do nothing more to ensure that Noltimier was served more quickly after the

transfer proceedings were initiated, we nevertheless find no error.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*J. L. Jordan*, for appellant.
*Fain, Major & Wiley, Thomas E. Brennan*, for appellee.