A97A2426. FLEMISTER et al. v. HOPKO.
(495 SE2d 342)

McMURRAY, Presiding Judge.

This is an action for damages arising from personal injury and wrongful death resulting from medical malpractice against a number of defendants. Plaintiff Janice Dixon Flemister, individually, as natural guardian and next friend, and as representative of the estate of Antonio Flemister, appeals the grant of summary judgment in favor of one defendant, Mary Hopko, R.N. This summary judgment was based on conclusions that plaintiffs failed to timely serve defendant Hopko with the summons and complaint, that plaintiffs failed to exercise due diligence in attempting service, that the statute of limitation expired, that service upon defendant Hopko did not relate back to the date the action was filed, and that the action against defendant is time barred. Plaintiffs appeal the grant of summary judgment in favor of defendant Hopko. *Held*:

1. The first enumeration of error maintains that the state court erred in entering summary judgment after the action had been voluntarily dismissed without prejudice as to defendant Hopko prior to any ruling having been made as to summary judgment. The record contains a dismissal without prejudice of defendant Hopko only, which was filed prior to the scheduled time of a hearing on her motion to dismiss, or in the alternative, for summary judgment. Plaintiffs' claims against a number of additional defendants remain pending.

While OCGA § 9-11-41 (a) allows for the voluntary dismissal of a party's complaint, it does not provide for the voluntary, unilateral dismissal of a party's claims against some but not all of the parties to an action. The adding or dropping of parties from an action requires the exercise of discretion by the court pursuant to OCGA § 9-11-21. In the case sub judice, there is no order of the court granting permission for a voluntary dismissal of defendant Hopko only, and it does not appear from the record that any attempt was made to elicit an exercise of discretion on this issue. Accordingly, in the absence of a ruling by the state court, the attempted voluntary dismissal of defendant Hopko is ineffective and this enumeration of error is without merit. *Manning v. Robertson*, 223 Ga. App. 139, 140 (1) (476 SE2d 889).

2. The remaining issues relate to the belated service of process upon defendant Hopko. "A civil action is commenced by filing a com-

plaint with the court." OCGA § 9-11-3. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (3) (307 SE2d 134) (1983). See also *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (2) (358 SE2d 872) (1987).

"If a plaintiff has taken no action to perfect service, then a petition to permit belated service should be denied as a matter of law. *Gulf Oil Corp. v. Sims*, 112 Ga. App. 68, 69 (143 SE2d 776) (1965). If the plaintiff has taken some action, '(t)he trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. (Cits.)' *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). See also *Gulf Oil Corp.*, supra at 69. The burden of showing lack of fault is on the plaintiff. *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978). See also *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988)." *Anderson v. Hughes*, 196 Ga. App. 186, 187 (1) (395 SE2d 623).

In the case sub judice, the complaint was filed on February 29, 1996. The running of the period of the statute of limitation concluded the following day, March 1, 1996, based on the death of Antonio Flemister on this date two years earlier. On May 29, 1996, defendant Hopko filed an answer raising the defenses of lack of jurisdiction over her person, insufficiency of service of process as regards the service of the complaint and summons upon her, and the running of the statute of limitation. Nonetheless, defendant Hopko was not served with summons and complaint until April 4, 1997.

In preparing this action for filing and service, plaintiffs sought to ascertain the whereabouts of defendant Hopko by checking the telephone directory for the Atlanta metropolitan area and by calling telephone directory assistance in Georgia for Atlanta, Griffin (where codefendant Care Master Medical Services is located and defendant Hopko worked), Greenville (where codefendant Meriwether County Emergency Medical Services is located), Columbus (where defendant Hopko rendered care to the decedent), and Manchester, Georgia. Additionally, directory assistance was asked to check towns near Griffin, Georgia. When these queries did not reveal defendant

Hopko's whereabouts a telephone call was placed to Care Master Medical Services during which a person who is not identified in the record provided information that defendant Hopko no longer worked for them and that they did not know her current address, phone number, or how to reach her.

The affidavit of plaintiffs' attorney relates that she "sent the service papers to the best address I had for [defendant Hopko], which was Care Master Medical Services." However, it is uncontroverted that defendant Hopko never had an office at Care Master Medical Services, had never appointed or designated anyone at that business as her agent for service of process, and at the time this action was filed, had not visited the offices of that business in the previous year.

When plaintiffs shortly thereafter received defendant Hopko's answer which was not in the form of an answer by special appearance it was assumed by plaintiffs that defendant Hopko had been served even though the answer did raise a defense of insufficiency of service of process as regards service of plaintiffs' complaint and summons, and even though the record does not contain a marshal's or sheriff's entry of service showing service upon defendant Hopko. However, we find no authority requiring a defendant not served with process to answer by special appearance. It was sufficient that the defense of lack of service of process was preserved by having been raised in the general answer filed by defendant Hopko.

Nor may the "boilerplate" language in which the insufficiency of service of process defense was stated in defendant Hopko's answer serve as the basis for any excuse by plaintiffs for failing to be alerted thereby that service may not have been proper. Insofar as the "boilerplate" defense played a part in excusing the plaintiff's failure to be alerted in *Miller v. Hands,* supra, it must be noted that there the "boilerplate" defense operated in tandem with a deputy marshal's inaccurate return of service to mislead that plaintiff. As there was no misleading return of service in the case sub judice, *Miller* may be distinguished on the facts.

In May 1996, defendant Hopko learned of this lawsuit when she received a telephone call from a person at codefendant Care Master Medical Services and later received a copy of some suit papers. Based on this occurrence, plaintiffs maintain that it is apparent that codefendant Care Master Medical Services did know of the whereabouts of defendant Hopko and provided incorrect information to plaintiffs. While plaintiffs argue that defendant Hopko should not be given the benefit of dismissal from the suit due to plaintiffs' reliance upon incorrect information with which it was provided, there is no evidence suggesting any conspiracy or attempt to evade service on the part of defendant Hopko. Plaintiffs' argument avoids the true issue of whether plaintiffs diligently sought to determine the whereabouts of

defendant Hopko.

Furthermore, in connection with plaintiffs' query to codefendant Care Master Medical Services, we note that plaintiffs' evidence failed to identify the name or function of the person to whom a paralegal spoke. Thus, whether the query was directed to an appropriate person or department is not revealed. Also, defendant Hopko states in her affidavit that she has lived openly and continuously at her present address since March 1995, and is listed in the telephone directory albeit in a town not among those which were checked by plaintiffs.

After the query to Care Master Medical Services was unsuccessful, plaintiffs did not know the whereabouts of defendant Hopko but made no further inquiry. Plaintiffs cite *Roberts v. Bienert*, 183 Ga. App. 751, 752-753 (1) (360 SE2d 25) as authority that the telephone queries were alone sufficient to fulfill her duty of diligence. However, this Court's point in referencing the ease with which a party could have been located in that case via directory assistance was solely to demonstrate the lack of diligence in that case and was clearly not intended to endorse any specific procedure as being a safe harbor or sufficient response to lack of knowledge of the whereabouts of a party. While plaintiffs' reliance on *Roberts* is misplaced, the case is supportive of defendant Hopko in that it notes that plaintiffs' receipt of a responsive pleading raising a defense of no service "should have put them on notice and inspired them, through counsel, to exercise the greatest possible diligence to ensure proper and timely service." *Roberts* at 752. Instead, plaintiffs did nothing for more than a year and finally accomplished service on defendant Hopko only after being served with defendant Hopko's motion for summary judgment which, incidentally, provided defendant Hopko's address.

Whether the plaintiffs failed to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the state court's discretion and will not be disturbed on appeal absent abuse. The circumstances of the case sub judice provide ample support for the conclusion that plaintiffs were guilty of laches. We find no abuse of discretion in the grant of summary judgment in favor of defendant Hopko. *Bennett v. Nelson*, 202 Ga. App. 346 (414 SE2d 291); *Robinson v. Stuck*, 194 Ga. App. 311, 312 (1) (390 SE2d 603). See also *Abelt v. Nelson*, 204 Ga. App. 501 (419 SE2d 749).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 7, 1998.

*Elizabeth Pelypenko*, for appellants.
*Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, Downey &*

*Cleveland, Y. Kevin Williams, Long, Weinberg, Ansley & Wheeler, Robert D. Roll, John K. Train IV*, for appellee.