## 42652. SMILEY v. GASKIN.

BELL, Presiding Judge. In this contest of the September, 1966, Democratic primary election for the office of county commissioner, the trial court on November 5, 1966, ordered that "The Ordinary of Liberty County, Georgia, and all other persons and election officials performing under her are hereby enjoined and restrained from counting any votes, regardless for whom cast, for the office of Commissioner of Roads and Revenue for the Third Road District of Liberty County, Georgia, in the General Election to be held November 8, 1966." On December 14, 1966, the court declared the primary invalid. On January 16, 1967, the court ordered the Ordinary of Liberty County to call a special election for the office in question. Error is enumerated on the latter ruling of the court. *Held:*

This being a contest of a primary election, the trial court's jurisdiction was limited strictly to the primary. The court was not authorized under *Code Ann.* § 34-1708 (d) to interfere with the holding of the general election and to order the ordinary to call a special election at a later date. The date set by law for the general election was November 8, 1966. Georgia Constitution, Art. III, Sec. IV, Par. II *(Code Ann.* § 2-1602)*; Code Ann.* § 34-802. "An election is absolutely void when not held at the proper time and place by persons qualified to hold it. . . In the very nature of things, a court lacks jurisdiction to authorize or compel the holding of a void election. . ." *Davis v. Page,* 217 Ga. 751, 752 (125 SE2d 60). See *Walker v. Sanford,* 78 Ga. 165, 167 (1 SE 424); *Bergman v. Dutton,* 203 Ga. 672, 681 (48 SE2d 101); *Mangum v. Dorn,* 217 Ga. 66 (121 SE2d 145); 29 CJS 172-176, Elections, §§ 76-77. The assumption of jurisdiction over the general election was erroneous. Having no jurisdiction over the general election, all orders entered by the superior court regarding the general election are void. Accordingly, the ordinary and other election officials should proceed to perform their mandatory duties with respect to the November election. Since this court has no jurisdiction over the November election we cannot consider whether there was a failure of the election process for the office in question.

*Judgment reversed. Jordan and Pannell, JJ., concur.*

ARGUED FEBRUARY 7, 1967—DECIDED APRIL 10, 1967.

*Jones & Kemp, Charles M. Jones, John W. Underwood,* for appellant .

*Sam Johnson,* for appellee.