50120. CARROLL et al. v. CATES et al.
50121. ABERNATHY et al. v. BROWN et al.

SUBMITTED JANUARY 7, 1975 — DECIDED JANUARY 28, 1975 —
REHEARING DENIED FEBRUARY 17, 1975 —

12

*Hugh W. Gibert, Richard G. Garrett,* for Carroll.

*Stuart E. Eizenstat, George N. Ackerman,* for Abernathy.

*Charles L. Weltner, John Tye Ferguson, Leroy Johnson, Harold Sheats, Dorothy Y. Kirkley, Assistant Attorney General,* for appellees.

BELL, Chief Judge.

1. Motions to dismiss the appeals have been filed on the ground of mootness. The motions and attached certificates of the supervisor of elections state that on November 5, 1974 the general election was held for the offices in issue and two candidates, the defendants Brown

and Cates, each received a majority vote and were certified as the successful candidates. No opposition to these certificates or to these motions for dismissal has been filed. "Statements of fact in a motion to dismiss a case as moot, which are not directly denied by the opposite party, will be taken as true in passing on the motion." *Major v. City of Atlanta*, 198 Ga. 303 (2) (31 SE2d 727).

In their respective complaints, plaintiffs contest the results of the primary election and seek the voiding of the August primary under Code Ann. § 34-1708 (d). While plaintiff sought other relief by way of injunction and mandamus, it is clear that the parties abandoned them at the time of trial and judgment. The only enumeration attacks the judgment of the trial court when it refused to invalidate the primary election. All arguments are limited to this question. The test of a case on appeal is not what it might have been at any given time during its pendency, but what remained in it and what is brought here for review. *Douglas-Guardian &c. Corp. v. Todd*, 212 Ga. 791 (96 SE2d 275). In this case the only issues submitted and considered by the trial court and appealed concern only the primary election. By the contest provision of the Code under which this action was brought, the superior court did not have jurisdiction over any matter involving the general election but only had jurisdiction over issues pertaining to the primary. Code Ann. Ch. 34-17. See *Smiley v. Gaskin,* 115 Ga. App. 547 (154 SE2d 740). Thus, under the action *as brought* the superior court could not have entered any valid order pertaining to the general election for it had no jurisdiction. Nor did it attempt to do so. The only matters passed on by the trial judge pertained to the primary. Obviously, these were the only matters appealed. It follows that we of the appellate court are also limited to the primary for the orders appealed apply only to the primary. Thus, if we were to reverse the judgments here the plaintiffs would derive no practical benefit as the very thing they seek to prevent is the election to office of the defendants Brown and Cates, which has already occurred. Since we have no jurisdiction in this case over the general election, a judgment of this court would be meaningless, improper, and would not invalidate the general election.

While plaintiffs had remedies which they could have sought even though the general election was to be held in the future, they did not do so. Accordingly, the cases raise moot questions and must be dismissed. Code Ann. §§ 6-701 (b) and 6-809 (b 3).

2. We additionally note that plaintiffs in Case No. 50121 made allegations and prayers for what they term declaratory relief. Since the basic issues raised are moot, answering any would be dictum and in the nature of an advisory opinion. The Declaratory Judgment Act makes no provision for a judgment which is merely advisory. *Henderson v. Alverson,* 217 Ga. 541 (123 SE2d 721).

*Appeals dismissed. Webb and Marshall, JJ., concur.*