## 36901. REDDING v. BALKCOM.

CLARKE, Justice.

The parties to this action were the candidates in the Democratic run-off primary election for the office of sheriff of Quitman County, Georgia. The run-off was conducted on August 26, 1980, and the returns were consolidated on the following day. The declaration of results from the consolidation revealed a victory by Balkcom over Redding by a vote of 515 to 482. Two days later, on August 29, Redding filed a petition in the Superior Court of Quitman County contesting the election results, claiming certain irregularities which would allegedly change or place in doubt the results of the election. The petition as filed by Redding contained a prayer for the issuance of a special process as required by Code Ann. § 34-1705 (e); however, Redding did not attach a form of special process to his petition when it was filed with the clerk of court. On the same day of the filing of the petition, Balkcom was served with a copy of the petition but no special process was issued or served at that time.

On September 8, 1980, Redding, through his legal counsel, delivered to the clerk a form of a special process which was then attached to the petition and to an additional service copy which was served upon Balkcom. The special process established the return day as September 15, 1980. On the return day, Balkcom answered Redding's petition and in his answer moved to dismiss on the ground that the petition was not filed within five days of the consolidation of the returns as required by law. He argued that the failure to serve the petition with special process attached within the five day period a-mounted to the failure to bring the action within the prescribed time.

On September 25, 1980, a hearing was conducted. At this time, the issue of the motion to dismiss was heard and argued but the merits of the action were not reached. On October 20, 1980, an order of the court dated October 17, 1980, was filed dismissing Redding's complaint.

(1) The first question to be determined is whether Redding's action is barred because of the failure to serve the special process within the five day period. The law requires that a petition to contest the results of a primary or election be filed within five days after the official consolidation of the returns. Code Ann. § 34-1705. The law also requires that the defendant be given notice in the form of a special process requiring him to appear and answer the petition on a day to be fixed in the notice not more than ten days nor less than five days after the service of the notice. Code Ann. § 34-1705 (e). There is no question but that the duty rests upon the plaintiff to file the petition within the required time period. Balkcom contends that it is

also the duty of the plaintiff to furnish the clerk of the court with the special process. We can find no such requirement of the law. Code Ann. § 34-1705 (e) specifically casts upon the clerk the obligation of issuing notice in the form of a special process. We are unable to find any language in this code section or elsewhere in the law which transfers this burden to the election contestant. A litigant seeking relief in the courts must not be denied such relief because an agency of the court fails to properly perform its duty.

(2) The remaining question is whether relief is available to Redding in view of the fact that the date for the general election is less than a week from the date of this decision. Redding is before this court seeking a reversal of the order dismissing his action. The effect of such a reversal would be to send the case back to the superior court for the purpose of having it heard on its merits. Upon such a hearing being held and determination being made by the trial court, the losing party would have a right of appeal. These proceedings would not be exhausted until after the conduct of the general election unless this court orders the election of the sheriff of Quitman County stayed until the merits of the case are finally determined.

We are well aware of the line of cases decided by the Court of Appeals which hold that the courts have no right to interfere with the holding of a general election when deciding a contest of a primary election. *Smiley v. Gaskin,* 115 Ga. App. 547 (154 SE2d 740) (1967); *Carroll v. Cates,* 134 Ga. App. 10 (213 SE2d 120) (1975); *Cole v. Buice,* 141 Ga. App. 96 (233 SE2d 62) (1977). However, we must also take into account that the mere passage of time must not be allowed to circumvent the will of the electorate as expressed at the ballot box. Code Ann. § 34-1708 (d) authorizes a court trying an election contest to declare a primary or election to be invalid and to call a second primary or election when the court determines that the primary or election is so defective as to place in doubt the results. Code Ann. § 34-1709 authorizes the Supreme Court or the Court of Appeals to consider applications for stays or supersedeas in election contests. The Court of Appeals cases cited above found the questions to be moot. While we agree with such a holding when a candidate attempts to contest a primary after the holding of the general election, we are unable to agree that the general election for the office in question here is beyond the reach of the court in which the primary contest is pending. The right of the public to vote in the general election on the candidates receiving the majority of the votes in the primary election is an important one. This right should not be violated because of time restraints or limitation not caused by either the candidate or the public.

We hold that the trial court erred in dismissing Redding's

petition and we direct that an evidentiary hearing on the merits of the case should be conducted at the earliest possible time. In the meantime, the general election may proceed, but the certification of the returns of the election as to sheriff of Quitman County is hereby stayed pending the adjudication of the issues in this case.

*Judgment reversed with direction. All the Justices concur, except Undercofler, C. J., and Nichols, J., who dissent.*

DECIDED OCTOBER 30, 1980.

*Kirbo & Bridges, Bruce W. Kirbo,* for appellant.
*Peter Zack Geer,* for appellee.