A91A0607. SLATER et al. v. BLOUNT et al.

(408 SE2d 433)

BEASLEY, Judge.

Slater and Trull appeal from the dismissal of their complaint for nonperfection of service on defendant Blount and plaintiffs' uninsured motorists carrier, Auto-Owners Insurance Company, within the

---

statute of limitation.

On June 11, 1987, Slater and Trull were occupants of a vehicle which collided with one driven by Blount. On July 18, 1988, they filed suit for personal injuries against Blount in Gwinnett County but were unable to obtain service upon him. In December the case was dismissed without prejudice for lack of prosecution. On March 21, 1989, suit was refiled in Gwinnett, and Auto-Owners was served by duplicate original on April 10. See OCGA § 33-7-11 (d).

On April 18 Slater and Trull also filed an action against Blount in Clayton County based on information that he was residing there. On April 19 notorious service was obtained upon Blount by leaving a copy of the complaint and summons with Peggy Vinson at the place in Clayton County where Blount allegedly resided. An affidavit by Blount's wife set out that on April 15 Blount permanently left his marital residence in Clayton County and moved to Florida. According to affiant, the location where service was attempted was an apartment or duplex and Peggy Vinson was the landlord who did not reside there.

On August 1 Slater and Trull dismissed the Gwinnett suit without prejudice and on August 9 served Auto-Owners by duplicate original with the Clayton suit. Auto-Owners answered, raising jurisdictional defenses on behalf of it and Blount, and in January Blount made a special appearance to move to dismiss the complaint for lack of personal service upon him. Plaintiffs responded by asserting that the motion to dismiss was not timely and asserted by affidavit of a sheriff's deputy that, as a matter of official policy, service was not made upon anyone who did not reside at the premises where service was sought to be accomplished.

On March 19 a hearing was held on the motion. Although the order entered as a result of that hearing is not included in the record, the trial court's later order of July 27 recites that the court found "that no service of the complaint and summons had been perfected upon the defendant, . . . Blount, inasmuch as the purported service had occurred at a place determined not to have been his dwelling house or usual place of abode and further had been left with a person not residing within said place of abode where such purported service took place. At said hearing . . ., the court reserved ruling on pending motions until plaintiffs could be afforded further opportunity to perfect service personally or by publication upon defendant."

On April 30 plaintiffs obtained the court's permission for service by publication under OCGA § 9-11-4 (e) (1) (A). The trial court's order recited that defendant Blount "cannot after due diligence be found within the State or is concealing himself to avoid service of the summons . . . and that service by publication is appropriate." On July 27 the court determined that although service by publication was

accomplished it did not occur until almost one year after the expiration of the statute of limitation that the statute of limitation had lapsed approximately 60 days before Auto-Owners was served; that plaintiffs had not been diligent in their efforts to serve Auto-Owners and Blount. The court held that Auto-Owners was entitled to judgment as a matter of law, granting it summary judgment, and that Blount was entitled to the dismissal of the complaint, granting his motion. Appeal is from that judgment.

Certain basic legal principles are applicable. "Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.'" *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984), quoting *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975). The burden rests on the plaintiffs to show lack of fault. *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408 (274 SE2d 775) (1980). The trial court must look at all the facts and ascertain whether the plaintiffs were guilty of laches. *Smith v. Griggs*, 164 Ga. App. 15 (296 SE2d 87) (1982). The court's discretion in ascertaining if there was due diligence will not be disturbed absent abuse. *Forsyth*, supra at 439; *Brown v. Bailey*, 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986).

1. Auto-Owners was served in the Clayton suit about 60 days after the expiration of the statute of limitation. Plaintiffs argue that because Auto-Owners had been served in Gwinnett in April, well before the limitation period had expired, their action in serving it within nine days after they had dismissed the Gwinnett suit showed their exercise of due diligence.

OCGA § 9-2-5 prohibits the prosecution of two actions and provides that the pendency of one shall be a good defense to a subsequent one. The proper procedure was for plaintiffs to dismiss the Gwinnett suit and then refile in Clayton. See OCGA § 9-2-61 (a). Although there was no objection based upon pendency of another suit, plaintiff's faulty delay in dismissing the Gwinnett suit occasioned the failure to serve Auto-Owners until almost four months after filing the Clayton suit on April 18. The record is devoid of any legitimate justification.

Despite plaintiffs' argument with respect to the insurer, knowledge otherwise obtained by a defendant regarding the filing of the suit does not dispense with the necessity for obtaining service. *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989).

It was not error to grant judgment to Auto-Owners.

2. Appeal of the grant of Blount's motion to dismiss requires review of the trial court's exercise of discretion. The question to be determined was whether plaintiffs exercised diligence in attempting to

insure that service was obtained as quickly as possible. *Watters v. Classon*, 193 Ga. App. 493 (388 SE2d 397) (1989).

The trial court based its ruling on the total lapse of time from the date the statute of limitation expired until service by publication was obtained. However, only March 19 to April 27 was a pertinent time period because, until the trial court ruled that the earlier service was ineffective, there was no reason for plaintiffs to seek additional service. The court apparently recognized this when it gave plaintiffs additional time to perfect service. See *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550 (398 SE2d 792) (1990). Charging plaintiffs with the entire time of "almost one year" did not realistically consider whether they were guilty of laches or did not exercise due diligence; relevant instead was the time period from the order finding that the prior service was ineffective until the plaintiffs sought approval of their request for service by publication. Compare *Green v. Young*, 197 Ga. App. 101 (397 SE2d 509) (1990), where the *first* service was by publication.

Defendant Blount argues that, even considering only the time from March 19 to April 27, plaintiffs were not diligent. However, because the trial court did not rest its decision on that basis, neither can we. Where a ruling of the trial court, which ordinarily is within its sound discretion, shows that no discretion was exercised, reversal results. *Ray v. Dept. of Human Resources*, 155 Ga. App. 81, 85 (270 SE2d 303) (1980); *Childs*, supra at 783. That being the case, the judgment is reversed and the cause remanded for a decision on that issue.

*Judgment affirmed in part, reversed in part and case remanded. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 15, 1991 — 

*L. David Wolfe & Associates, L. David Wolfe*, for appellants.
*Bonnie C. Oliver, Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul, Sharon C. Barnes*, for appellees.