A98A1933. PRYOR v. DOUGLAS SHOPPER — THE COFFEE
COUNTY NEWS et al.
(514 SE2d 59)

BARNES, Judge.

After Gerald H. Pryor filed suit against the "Douglas Shopper — The Coffee County News," Carlene S. Phelps, Joseph M. Phelps, and William H. Kibbey, the defendants moved to dismiss his complaint because of insufficient service of process. Subsequently, the trial court found that Pryor had not exercised due diligence in perfecting service of process before the statute of limitation expired and dismissed the complaint. Pryor contends on appeal that the trial court abused its discretion by dismissing his complaint. He claims that he

---

exercised due diligence in that a "boilerplate" service defense in the defendants' answer combined with a faulty sheriff's return of service prevented him from becoming aware of the defect in service. We disagree and affirm.

The defendants filed a joint answer to Pryor's complaint on February 27, 1996. Among the defenses raised were: "SIXTH DEFENSE: There was an insufficiency of summons and process with regard to plaintiff's complaint, and as a result thereof the same must be dismissed," and "SEVENTH DEFENSE: There is an insufficiency of service of summons, process, and a copy of complaint with regard to plaintiff's alleged cause of action, and as a result thereof plaintiff's complaint must be dismissed."

In mid-July 1997, when it appeared a calendar call would be held in this case, Pryor's attorney reviewed the case file and saw for the first time the defendants' answer raising the insufficiency of service defenses. According to the motion to amend process Pryor filed on July 28, 1997, Pryor's counsel was "shocked" to see these defenses because the sheriff's returns of service in the file stated that each defendant had been served with "a copy of the within action and summons." No copies of the summonses, however, were in her file. Upon contacting the clerk of court's office, she learned the file in the clerk's office also contained no copies of the summonses, but did contain copies of the sheriff's returns that showed proper service. From this information, Pryor's attorney concluded that no summonses had issued in the case.

The motion further stated that Pryor's attorney did not see the defendants' answer raising insufficiency of summonses and process defenses until mid-July 1997 because she was out of town when the answer was received over one year earlier. The answer was put in the case file without her seeing the answer and not called to her attention when she returned. Also, counsel had not reviewed the file for some time because the case had been stayed pending resolution of a related declaratory judgment action. The motion also explained that the summonses were not served initially because the person who filed the complaint was unfamiliar with the procedures in Coffee County, and thus did not include the summonses with the complaint when it was filed. The parties agree that the statute of limitation expired on February 3, 1997.

On August 14, 1997, the defendants filed a combined response to Pryor's motion to amend process and motion to dismiss the complaint. In their response, the defendants contended that Pryor's motion to amend process should be denied as there was no valid process to amend. The trial court accepted this argument and denied Pryor's motion on September 24, 1997. The trial court, however, deferred ruling on the defendants' motion to dismiss the complaint.

Ultimately, after Pryor served each defendant with a summons for the first time, the trial court ruled on the motion to dismiss. The trial court found the defendants had properly preserved and not waived the defenses of insufficiency of service of process and expiration of the statute of limitation and further found that Pryor had not demonstrated that he had exercised due diligence in causing the defendants to be served. Therefore, the trial court found the action was barred by the expiration of the statute of limitation and dismissed Pryor's complaint with prejudice.

1. When a motion to dismiss is made on a matter in abatement, the motion may be heard and determined before trial and the factual issues shall be determined by the trial court. *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99, 101 (1) (289 SE2d 303) (1982). Whether Pryor was guilty of laches is a matter within the trial court's discretion which will not be disturbed on appeal absent evidence of abuse. *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990).

As service of process was made after the expiration of the statute of limitation, timely filing of the complaint tolls the statute only if Pryor showed he acted in a reasonable and diligent manner in attempting to make proper service as quickly as possible and that he was not at fault. *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996); *Slater v. Blount*, 200 Ga. App. 470, 472 (408 SE2d 433) (1991). If Pryor could not make such a showing, however, he would be guilty of laches and service would not relate back to the filing of the complaint for purposes of tolling the statute of limitation. *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997).

In this case, receipt of the defendants' answer asserting insufficiency of service "should have put [Pryor] on notice and inspired [him], through counsel, to exercise the greatest possible diligence to ensure proper and timely service." *Roberts v. Bienert*, 183 Ga. App. 751, 752 (1) (360 SE2d 25) (1987). Pryor's failure to read the answer does not excuse him from this obligation. Further, the defendants' knowledge of the pending suit also does not excuse Pryor's lack of diligence as the sine qua non in perfecting service is service of the summonses in the manner provided by law. *Gaskins v. A.B.C. Drug Co.*, 183 Ga. App. 518, 519 (1) (359 SE2d 364) (1987); *Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35, 36 (2) (329 SE2d 247) (1985). Consequently, Pryor's responsibility to account for the failure of service begins from the time the defendants' answer was received in February 1996, not in mid-July 1997 when his counsel finally read the answer.

2. Relying upon *Miller v. Hands*, 188 Ga. App. 256, 257 (372 SE2d 657) (1988), Pryor contends that the delay in perfecting service of process was caused by his reliance on a faulty sheriff's return of service and what he terms the defendants' "boilerplate" defenses. We

find nothing in *Miller v. Hands* or the facts of this case to support this contention.

In *Miller v. Hands*, this Court affirmed the trial court's denial of Miller's motion to dismiss Hands' complaint because we found no abuse of discretion. Id. at 258. Although the *Miller* opinion repeated Hands' contention regarding routinely asserted "boilerplate" defenses, *Miller* did not otherwise discuss "boilerplate" defenses. More significantly, *Miller* did not hold that Hands was entitled to ignore the insufficiency of service defense because Hands decided that it was mere "boilerplate."

Pryor's motion to amend process shows his failure to perfect service of process diligently was not the result of being lulled into a false sense of security by the erroneous return of service and the "boilerplate" defenses. The defendants were not served with a copy of the summonses initially because Pryor's agent neglected to prepare the summonses to be served with the complaint. Then, this defect was not discovered until over sixteen months after the complaint was filed and five months after the statute of limitation expired because Pryor only then read the defenses in the defendants' answer and realized their significance. Therefore, neither the erroneous return of service nor the supposedly "boilerplate" defenses raised in the answer played any part in Pryor's failure to discover and perfect service of process.

Further, examination of the service defenses raised in the answer show they were not mere "boilerplate" defenses, whatever that term may mean. Although certain cases have used that term in this context (see, e.g., *Flemister v. Hopko*, 230 Ga. App. 93, 95 (2) (495 SE2d 342) (1998); *Garrett v. Godby*, 189 Ga. App. 183, 185-186 (3), n. 1 (375 SE2d 103) (1988); *Miller v. Hands*, 188 Ga. App. at 257), no case has defined "boilerplate"[1] in this connection, and no case has held that "boilerplate" defenses may be ignored. Further, suggesting such a practice ignores the holding in *Roberts v. Bienert*, 183 Ga. App. at 752, that receipt of an answer raising service defenses places counsel on notice that there is a problem with service and should inspire counsel "to exercise the greatest possible diligence to ensure proper and timely service." Although the actions demanded of plaintiffs who receive answers denying valid service will necessarily vary, the immediate obligation clearly involves inquiring into and investigating fully the basis for the defense as soon as possible, including contacting opposing counsel without delay.

---

[1] Black's Dictionary of Law (5th ed.) defines the term as "language which is commonly in documents having a definite meaning in the same context without variation; used to describe standard language in a legal document that is identical in instruments of a like nature."

The defenses in this case were asserted in the answer as required by OCGA § 9-11-12 (b), and that is all our law requires to preserve them. *Joyner v. Schiess*, 236 Ga. App. 316 (___ SE2d ___) (1999); *Flemister v. Hopko*, 230 Ga. App. at 95 ("boilerplate" language no excuse for failure to be alerted that service may not have been proper). Remedies are available for defendants who assert frivolous defenses. See OCGA § 9-15-14.

Accordingly, based on the facts and circumstances of this case we find the trial court did not abuse its discretion when it found Pryor did not meet his burden of showing he exercised due diligence in perfecting timely and proper service of process and then by dismissing his complaint with prejudice.

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED MARCH 10, 1999 — ▮

*Debra G. Gomez*, for appellant.
*John T. Croley, Jr.*, for appellees.