## A99A0130. FARAHI v. JORDAN.
(517 SE2d 803)

BARNES, Judge.

D. J. Farahi appeals the trial court's determination that his personal injury claim was barred by the statute of limitation due to his lack of diligence in serving the complaint. We affirm.

Farahi filed a slip and fall complaint against Madeline Jordan on August 21, 1997, about 45 days before the statute of limitation expired. The first sheriff's return of service indicated that the summons was undeliverable on August 27, 1997. The second return of service noted that the defendant was hospitalized on September 30, 1997. On the third return, the sheriff indicated that process was served notoriously on Jordan's son at Jordan's "most notorious place of abode" on September 30, 1997.

Jordan answered on October 30, 1997. Among the defenses raised were: "SECOND DEFENSE. Plaintiff's Complaint is barred due to insufficiency of service of process. THIRD DEFENSE. This Honorable Court lacks personal jurisdiction over Mrs. Jordan and as such, Plaintiff's Complaint must be dismissed." Additionally, in an October 30, 1997 letter to Farahi's lawyer accompanying a copy of the answer, Jordan's lawyer noted that he did not believe service was valid.

For five months, Farahi did nothing to investigate Jordan's affirmative defenses regarding insufficiency of service or lack of personal jurisdiction.

On April 2, 1998, in response to interrogatories, Jordan's son stated in an affidavit that he did not reside with his mother. He further stated that the sheriff had not left the complaint at his mother's home, but instead asked him to come to the sheriff's department to pick up the papers. Jordan stated in her affidavit of April 2, 1998, that she did not authorize her son to accept service for her and confirmed that he did not live with her. On April 17, 1998, approximately two weeks after receiving these responses and six months after the statute of limitation expired, Farahi perfected service on Jordan. Jordan moved for summary judgment or in the alternative to dismiss, and the trial court granted summary judgment, finding that Jordan was not served before the expiration of the statute of limita-

tion, "nor did Plaintiff exercise due diligence to insure proper service within a reasonable time thereafter."

We review for abuse of discretion the trial court's determination of whether the plaintiff failed to exercise due diligence in perfecting service after the statute of limitation had run. *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990).

> In Georgia, if a complaint has been timely filed, and is followed by diligent service, perfected as required by law, even though such service is outside the statute of limitation, it will relate back to the time of filing of the complaint. *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975); *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132) (1977); OCGA § 9-11-4.

*Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998).

Because service of process was perfected after the statute of limitation passed, timely filing of the complaint relates back to the date that a suit was properly filed within the statute only if Farahi showed he acted reasonably and diligently in attempting to serve Jordan as quickly as possible, and that he was not at fault. *Pryor v. Douglas Shopper &c.*, 236 Ga. App. 854 (514 SE2d 59) (1999). If Farahi could not make such a showing, however, he would be guilty of laches and service would not relate back to the filing of the complaint.

Farahi admits by implication that the third return of service, which Jordan's son picked up at the sheriff's office, was invalid, but argues that he reasonably relied on the sheriff's return showing notorious service on Jordan's son. The sheriff's failure should not be imputed to him, he contends, as Jordan had actual notice of the suit and was not prejudiced by the invalid service before the statute ran.

In this case, receipt of the defendant's answer asserting insufficiency of service "should have put [Farahi] on notice and inspired [him], through counsel, to exercise the greatest possible diligence to ensure proper and timely service." *Roberts v. Bienert*, 183 Ga. App. 751, 752 (1) (360 SE2d 25) (1987). Further, the defendant's knowledge of the pending suit does not excuse Farahi's lack of diligence, as "the sine qua non in perfecting service is service of the summonses in the manner provided by law." *Pryor v. Douglas Shopper &c.*, supra. Consequently, Farahi's responsibility to account for the failure of service begins from the time the defendant's answer was received in October 1997.

We find that the trial court did not abuse its discretion in concluding that Jordan's affidavits rebutted the sheriff's return of service, and that Farahi was not diligent in perfecting service after

receiving Jordan's answer raising insufficiency of service as a defense.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Blackburn, P. J., concurs specially.*

BLACKBURN, Presiding Judge, concurring specially.

I agree with the outcome of the majority's opinion; however, I write separately to point out a technical error present in some of our case law. Cases such as *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996); *Slater v. Blount*, 200 Ga. App. 470, 472 (408 SE2d 433) (1991); and *Pryor v. Douglas Shopper &c.*, 236 Ga. App. 854 (514 SE2d 59) (1999), indicate that the statute of limitation is *tolled* by reasonable and diligent service made outside of the limitation period. This is inaccurate. The statute of limitation applies generally to the filing of the complaint with the appropriate court, and this filing must take place within the allotted time set out by the legislature, whether or not service has been perfected. Therefore, despite the use of tolling language in cases such as those listed above, if a timely complaint has not been filed, the suit is void, and no subsequent service, diligent or not, can toll the effect of the statute of limitation.

Reasonable and diligent service made outside the statute of limitation may *relate back* to the date that a suit was properly filed within the statute.

> In Georgia, if a complaint has been timely filed, and is followed by diligent service, perfected as required by law, even though such service is outside the statute of limitation, it will relate back to the time of filing the complaint. *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975); *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132) (1977); OCGA § 9-11-4.

*Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998).

Thus, although a number of cases have employed tolling language, such terminology should nonetheless be avoided.

DECIDED MAY 12, 1999.

George E. Powell, Jr., for appellant.
Barrickman & Allred, William S. Allred, Bovis, Kyle & Burch, Christina A. Craddock, for appellee.