S06A1310. SWAIN v. THOMPSON.
(635 SE2d 779)

BENHAM, Justice.

In a runoff election held December 6, 2005, Thompson was elected mayor of the City of Fitzgerald. The results were certified on December 8, 2005. Acting pro se, Swain filed a petition to contest the election on December 12, 2005. The trial court set a hearing on the petition for February 9, 2006. A return of service showing personal service on Thompson was entered on January 11, 2006, with the words "and summons" crossed out on the return. Thompson filed his answer on January 17, 2006, asserting among other defenses insufficiency of process and insufficiency of service. On February 6, 2006, Thompson filed a motion to dismiss which specified as the alleged insufficiency of process the absence of a proper summons on the complaint and denied personal service. Swain responded on February 8, 2006, by requesting issuance of proper process and personal service on Thompson. However, the summons personally served on Thompson on that day was not the special process required by OCGA § 21-2-524 (f) in that it gave the defendant 30 days to answer instead of the ten days required by the statute. After the hearing on February 9, 2006, which dealt only with issues of service and process, the trial court entered an order granting Thompson's motion to dismiss on two grounds: failure to serve a copy of the petition on the State Election Board and failure to effect proper service of process on Thompson in that the notice provided for in OCGA § 21-2-524 (f) was not served. This appeal is from that order.[1]

---

[1] Because it is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction (*Jones v. State,* 278 Ga. 669, 670 (604 SE2d 483) (2004)), and because the mootness doctrine applies to election contest cases when the general election has already taken place (*Jordan v. Cook,* 277 Ga. 155, 156 (587 SE2d 52) (2003)), we note that the record in this case is silent regarding whether the winner of the challenged election has been sworn into office pursuant to the election. There is, therefore, no question of mootness in this case.

1. " 'A trial court's findings in an election contest will not be disturbed unless clearly erroneous.' [Cit.]" *Banker v. Cole*, 278 Ga. 532 (1) (604 SE2d 165) (2004). The only evidence in the record of this case regarding service on the State Election Board is Swain's notarized certificate of service that he had sent a copy of the petition to the chairperson of the Board as required by the statute. There being no evidence opposing that certificate, the trial court's contrary finding is clearly erroneous and cannot serve to uphold the dismissal of Swain's complaint.

2. The second ground for dismissal was Swain's failure to have the defendant personally served with the special process required by OCGA § 21-2-524 (f). The record in this case shows Swain's petition correctly identified the action as an election contest and cited the appropriate statutes, but the clerk issued the wrong process, service on the defendant was not as required, and the return of service was inaccurate. Thompson's answer raised the defenses of insufficiency of service and insufficiency of process, but Swain did not react until Thompson's motion to dismiss specified the nature of the insufficiency. While Swain was able to have personal service effected prior to the hearing on the motion to dismiss, his effort to have the clerk issue a proper summons was ineffective and Thompson still had not been served with correct process at the time of the hearing.

Pursuant to OCGA § 21-2-524 (f), the clerk bears "the obligation of issuing notice in the form of a special process." *Redding v. Balkcom*, 246 Ga. 595, 596 (1) (272 SE2d 324) (1980). Thus, the clerk's errors in issuing the wrong process cannot of themselves justify dismissal of Swain's complaint. Id. However, judicial recognition of the clerk's duty in election cases to issue process in the proper form does not end the inquiry.

The legislature has demonstrated that election contests are to be heard with the greatest of expedition by requiring the petition be filed within five days of the consolidation of returns. OCGA § 21-2-524 (a). "This short time period reflects the legislature's strong desire to avoid election uncertainty and the confusion and prejudice which can come in its wake. Certainly, the swift resolution of election contests is vital for the smooth operation of government." *Plyman v. Glynn County*, 276 Ga. 426, 427 (578 SE2d 124) (2003). Given the public policy in favor of swift resolution of election contests, recognition of the clerk's duty to issue proper process must be balanced against the traditional placement on plaintiffs of the duty to ensure proper and timely service. Service in this case occurred after the period of limitation for filing the action, as will often be the case in election contests given the short time period provided by the election code for filing a petition. The timing of service thus brings into play the rules of law involved in service of process after the running of the period of limitation. One

such rule is that when service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised. *Strickland v. Home Depot*, 234 Ga. App. 545, 546 (507 SE2d 783) (1998). Even more pertinent to the present action is the rule that "[o]nce the plaintiff becomes aware of a problem with service, . . . his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service. [Cit.]" *Harris v. Johns*, 274 Ga. App. 553, 554 (618 SE2d 1) (2005). Receipt of Thompson's answer asserting insufficiency of service put Swain on notice and should have inspired him to exercise the greatest possible diligence to ensure proper and timely service. *Pryor v. Douglas Shopper—The Coffee County News*, 236 Ga. App. 854 (1) (514 SE2d 59) (1999). Certainly, Thompson's motion to dismiss, more specific than the answer in setting forth the deficiency of service and process, triggered the duty of greatest possible diligence. However, in contrast to the plaintiff in *Redding v. Balkcom*, supra, who took effective steps to correct the improper process, Swain had not caused Thompson to be served with proper service by the time of the hearing on the motion to dismiss. Thus, the question of whether Swain exercised proper diligence after being put on notice of deficiencies in service of process was one for the trial court's discretion, which will not be disturbed absent abuse. *Strickland v. Home Depot*, supra. Swain's contention on appeal that the trial court neither ruled on Swain's diligence nor exercised its discretion is refuted by the phrasing of the final order in which the trial court found Swain's failure to effect the service of appropriate process "inexcusable." A finding that failure to accomplish service of process is excusable amounts to a finding of due diligence. See *Alexander v. Searcy*, 204 Ga. App. 454, 456 (419 SE2d 738) (1992). Here, the trial court's decision that Swain's failure to accomplish service of proper process was inexcusable reflects a weighing of the validity of Swain's reasons for having failed to see that Thompson was served with proper process. Therefore, Swain's arguments that the trial court did not make a decision regarding diligence and did not exercise discretion are not meritorious.

While Swain's status as a pro se litigant and his initial efforts to correct the deficiencies in service of process evoke sympathy for him, the public policy favoring swift resolution of election contests and the high regard in which appellate courts hold the exercise of discretion by trial courts dictate that we uphold the trial court's determination that the failure to effect timely service of appropriate process in this case requires dismissal of Swain's election contest petition.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

McKenna, Long & Aldridge, William R. Teague, King & Spalding, Stephen B. Devereaux, Bradley W. Pratt, for appellant.

Jay, Sherrell, Smith & Braddy, John E. Smith III, Matthew G. Braddy, for appellee.