## S07A0141. BROOKS v. BROWN et al.
### (646 SE2d 265)

Melton, Justice.

The Governor signed House Bill No. 1600 (HB 1600) into law on April 28, 2006.[1] HB 1600 reorganized the Carroll County Board of Education from a six member to a seven member board representing seven new districts. With regard to Districts 1, 3, 4, and 6, Sections (g) (2) and (g) (3)[2] state that a special election "shall be held in conjunction with the general primary on the third Tuesday in July, 2006 [July 18, 2006]." These provisions further direct that, "[a]s soon as practicable after this section becomes effective, the election superintendent of Carroll County shall call a special election for the purpose of electing such members."

In accordance with HB 1600, the Board of Education submitted the proposed changes to the U. S. Department of Justice for pre-clearance under the Voting Rights Act of 1965 on May 31, 2006. The Department of Justice issued its pre-clearance letter approving the changes on July 19, 2006, at which time HB 1600 became effective. On August 2, 2006, Patti Brown, as Election Supervisor of Carroll County, and the Carroll County Board of Elections and Registration (Appellees) brought a declaratory action seeking a ruling from the trial court that the earliest practical time for the special election was in conjunction with the general election on November 7, 2006. Additionally, on August 3, 2006, Appellees asked for and received an ex parte order permitting them to open qualifying for Districts 1, 3, 4, and 6 from August 9, 2006 through August 11, 2006.

The trial court issued its final order on September 18, 2006. The order authorized Appellees to hold the special election on November 7, 2006. Bernice Brooks, the District 1 representative both before and after HB 1600 reorganized the Board of Education, now appeals.[3] She argues that the trial court was without authority to rewrite HB 1600 to allow the special election to take place on a date other than July 18, 2006. Additionally, Brooks contends that the ex parte order allowing Appellees to open qualifying for the special election was improper under Uniform Superior Court Rule 4.1.

Where there is uncertainty as to jurisdiction in any given case, this Court has a mandatory responsibility to determine whether jurisdiction, in fact, exists. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In general, election contest cases become moot once the general election in contention has occurred. See *Jordan v. Cook*,

---

[1] 2006 Ga. L. 612.

[2] Section (g) (2) addresses Districts 1, 3, and 6, and Section (g) (3) addresses newly created District 4. The two sections are otherwise essentially the same.

[3] Prior to this appeal, Brooks filed a motion for writ of supersedeas which this Court denied.

277 Ga. 155, 157 (587 SE2d 52) (2003). Because the election in dispute here has already occurred and the arguments raised by Brooks are not of the type which are capable of repetition yet evading review, this case is now moot. See *Poythress v. Moses*, 250 Ga. 452, 453 (1) (298 SE2d 480) (1983). Contrary to Brooks' arguments, *Swain v. Thompson*, 281 Ga. 30 (635 SE2d 779) (2006), does not alter this result. In *Swain*, the appellant challenged the results of a mayoral election and wished to prevent the mayor-elect from taking office. In that situation, the case was not moot because the mayor-elect had not yet taken the oath of office following the election. Id. at 30, n. 1. Here, on the other hand, Brooks challenges the election process, itself, not the election of a particular person. As such, *Swain* does not apply in this situation, and this case must be dismissed as moot.

2. We must, however, take this opportunity to admonish the Appellees' counsel and the trial court against the pursuit of improper ex parte communications and the issuance of improper ex parte orders. "Except as authorized by law or by rule, judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding." Uniform Superior Court Rule 4.1. It is undisputed that, in this case, the trial court entertained ex parte communications with Appellees' counsel and issued an order based on these communications. Although these ex parte orders do not ultimately affect the outcome of this case,[4] they were improper and should be strictly guarded against in the future.

*Appeal dismissed. All the Justices concur, except Hunstein, P. J., who concurs in the judgment only.*

DECIDED JUNE 11, 2007.

*Gary Bunch*, for appellant.
*David A. Basil*, for appellees.

---

[4] Even if this case were not otherwise moot, the trial court's improper ex parte order would not require reversal. Sections (g) (2) and (g) (3) of HB 1600 grant statutory authority to Appellees to call a special election *"[a]s soon as practicable* after this section becomes effective." (Emphasis supplied.) Because Appellees already had statutory authority to hold the special election "as soon as practicable," the trial court's order in this case was superfluous and unnecessary to allow the Appellees to conduct the election in the manner that they did.