## A09A0784. ATCHESON et al. v. COCHRAN et al.
### (677 SE2d 749)

PHIPPS, Judge.

Darren and Cathy Atcheson filed this suit against Polly and Clifford Cochran nine days before expiration of the statute of limitation, but did not serve process on either of them until almost three months after the statute of limitation had expired. The Superior Court of Paulding County granted the Cochrans' motion to dismiss on the ground that the Atchesons had not acted with required diligence in effecting service. Finding no abuse of discretion, we affirm.

On May 16, 2008, the Atchesons sued the Cochrans for personal injuries and loss of consortium. The Atchesons alleged that Polly Cochran had negligently caused a vehicle she was operating to collide with a vehicle being operated by Darren Atcheson on May 25, 2006, and that Polly's husband Clifford had negligently entrusted the vehicle to Polly. On July 23, 2008, the Cochrans answered the complaint and moved to dismiss based on insufficient service of process and expiration of the statute of limitation. By affidavit, the Cochrans showed that the statute of limitation on the Atchesons' claims had expired on May 25, 2008, and that neither of the Cochrans had been served with process.

On August 21, the Atchesons filed a response to the Cochrans' motion to dismiss. In support of the response, the Atchesons' attorney, Michael Ivan, filed an affidavit in which he testified that before filing suit, he had run an inconclusive computer skip trace on the Cochrans. Ivan then ascertained that, in connection with pending criminal charges in Paulding County, Polly had listed a post office box as her current address. On May 6, 2008, Ivan attempted to locate and serve the Cochrans by enlisting the services of James Crow, a private investigator who was also authorized to serve process in Paulding County.

By affidavit, Crow testified that on May 20, he attempted unsuccessfully to serve the Cochrans at a Dallas, Georgia address he had obtained from a change-of-address form Polly had executed in the criminal proceeding in Paulding County; that on May 21, he attempted unsuccessfully to serve the Cochrans at another Dallas, Georgia address he had obtained through a skip trace; that he contacted Polly by telephone and obtained her agreement for the Cochrans to meet him at an arranged location in Dallas and accept service, but that they did not appear at that meeting or at another he later arranged; and that, on May 23, he attempted, again unsuccessfully, to serve Polly at an address he had obtained for her in Rockmart, Georgia.

In Ivan's affidavit, he testified that he thus concluded that Polly

had provided an inaccurate address in the Paulding County criminal proceedings and was evading service. On May 28, Ivan contacted criminal authorities in Paulding County and was told that the criminal charges against Polly were still pending but that no hearings were scheduled. After receiving Crow's report in early June, Ivan began looking for other private investigators to locate and serve the Cochrans and, on July 8, he hired Frank James.

James testified by affidavit that he performed his first skip trace on Polly on July 16. In James's opinion, it was necessary to let "the dust settle" in the aftermath of Crow's efforts before again attempting to serve the Cochrans. On August 14, James obtained a special appointment by the Superior Court of Paulding County to serve process in Paulding County. On August 21, he attempted to serve Polly at yet another Dallas, Georgia address. This time, process was accepted by a woman who stated that she was Polly's mother, that Polly resided with her at that address, that Polly would return home the next day, and that she would give the papers to her. On August 21, the same date the Atchesons filed their response to the Cochrans' motion to dismiss, James reported to Ivan that he had served Polly.

The standards by which we evaluate the Atchesons' claim that the superior court abused its discretion in dismissing their complaint are as follows:

> Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff[s] must establish that [they] acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if [they are] guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff[s] [have] the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff[s] [were] guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. Moreover, [they] must show that the failure to effectuate proper service as quickly as possible was not [their] fault. In addition, once [the defendants] filed an answer . . . , asserting insufficient service of process as a defense, [the plaintiffs] became obligated

to exercise the "greatest possible diligence" in effecting service.[1]

The Atchesons seek to analogize this case to *Feinour v. Ricker Co.*[2] Because the evidence in *Feinour* showed without dispute that the plaintiff's efforts to serve the defendant were continuous and that the plaintiff had exercised the greatest possible diligence in light of the defendant's obvious and continued attempts to evade service, we held that the trial court abused its discretion in finding that the plaintiff's complaint was barred by the statute of limitation due to her lack of diligence in serving the defendant.

But in *Green v. Cimafranca*,[3] relied on by the Cochrans, we held that the trial court did not abuse its discretion in finding that the plaintiff did not exercise the greatest possible diligence in perfecting service after the defendant had filed an answer to the complaint raising the defenses of insufficiency of service of process and expiration of the statute of limitation. The plaintiff in *Green* filed her complaint 11 days before expiration of the statute of limitation. She did not, however, perfect service on the defendant until almost four months after the statute of limitation had run. The plaintiff made numerous unsuccessful attempts to serve the defendant in Georgia, obtained an order for service by publication after being informed that the defendant was no longer residing in this state, attempted unsuccessfully to serve the defendant in another state, and finally perfected service on the defendant in Georgia after retaining a private investigator. But the defendant filed her answer putting the plaintiff on notice of the problem with service about two weeks after the complaint was filed, and there were periods of time encompassing approximately two weeks and then six weeks in which the plaintiff failed to act.

On its facts, this case is closer to *Green* than to *Feinour*. Here, the plaintiffs filed their complaint shortly before expiration of the statute of limitation. Initially, they did make diligent efforts to locate and serve the defendants, primarily through the first private investigator they hired. And there is certainly evidence of attempts by the defendants to evade service of process with knowledge that the suit had been filed. But the plaintiffs did not seek an order from the trial court permitting service by publication based on the defendants' conduct.[4] And a defendant's knowledge of a pending suit does not

---

[1] *Green v. Cimafranca*, 288 Ga. App. 16, 17-18 (1) (653 SE2d 782) (2007) (footnotes omitted).

[2] 269 Ga. App. 508 (604 SE2d 588) (2004).

[3] Supra.

[4] See OCGA § 9-11-4 (f) (1) (A).

excue a plaintiff's lack of diligence in perfecting service.[5]

Moreover, after the first investigator's employment ended, the plaintiffs let approximately one month go by before hiring a second investigator. Then about two weeks after they hired the second investigator, the defendants filed their motion to dismiss based on insufficient service of process and expiration of the statute of limitation. And the plaintiffs let about another month go by before perfecting service, and then on only one of the defendants.

The plaintiffs' attorney attributed the one-month hiatus to the second investigator's advice to him to "let the dust settle," and counsel asks that he not be faulted for relying on the professional investigator's advice. But it does not appear that counsel apprised the investigator of the urgent need to serve the defendants due to expiration of the statute of limitation; nor does it appear, given the manner in which service was ultimately accomplished, that the plaintiffs gained any material advantage from the delay.

"Although evidence existed in the record that might have supported a different conclusion, in determining diligence discretion is vested solely in the trial court. Under the circumstances presented here, we cannot say that the trial court abused its discretion in reaching its result."[6]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 17, 2009.

*Michael J. Ivan, Kathleen Edwards-Opperman, Amy E. Ivan*, for appellants.

*Downey & Cleveland, Jonathan C. Jones, William C. Anderson*, for appellees.

---

[5] *Farahi v. Jordan*, 238 Ga. App. 63, 64 (517 SE2d 803) (1999).

[6] *Williams v. Bragg*, 260 Ga. App. 377, 379 (579 SE2d 800) (2003), citing *Cantin v. Justice*, 224 Ga. App. 195, 197 (480 SE2d 250) (1997).

