**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 30, 2020**

# In the Court of Appeals of Georgia

A20A1064. GRIFFIN v. TRINIDAD et al.                    DO-038

DOYLE, Presiding Judge.

Richard S. Griffin appeals the dismissal of his personal injury action against George Trinidad and Aura L. Benavides based on his failure to timely serve them. For the reasons that follow, we affirm.

"A trial court's ruling on a motion to dismiss a complaint for insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them."[1][2]

---

[1] See *Chandler v. Opensided MRI of Atlanta*, 299 Ga. App. 145 (682 SE2d 165) (2009).

[2] (Footnote and punctuation omitted.) *Woodyard v. Jones*, 285 Ga. App. 323 (646 SE2d 306) (2007). See also *Campbell v. Cirrus Education, Inc.*, 355 Ga. App.

So viewed, the record shows that according to Griffin, the parties were involved in an automobile accident on April 19, 2017.[3] Griffin filed this action against the defendants on April 1, 2019, 18 days before the statute of limitation expired on April 19, 2019.[4] On April 2, 2019, Griffin's attorney contacted a process server and requested that he serve Trinidad at an address on Falcon Street in Brunswick and Benavides at an address on Royals Road in Brunswick.[5] On May 23, 2019, the defendants filed a special appearance answer to the complaint, raising the defense of lack of service. On June 21, 2019, the defendants moved to dismiss the complaint based on Griffin's failure to serve them.

---

637, 646 (4) (845 SE2d 384) (2020) ("A trial court's exercise of discretion in determining the diligence of a plaintiff in perfecting service after the five-day safe harbor provision of OCGA § 9-11-4 (c) will not be disturbed absent an abuse of discretion.") (punctuation omitted).

[3] Griffin alleged in the complaint that he was in one vehicle, and Trinidad was driving a separate vehicle owned by Benavides.

[4] See OCGA § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues."); *McNeil v. McCollum*, 276 Ga. App. 882, 886 (1) (625 SE2d 10) (2005).

[5] These addresses provided by Griffin's attorneys are the same as those listed for the defendants in the police report for the accident.

Griffin filed a response to the motion to dismiss, attaching as an exhibit the affidavit of a process server stating that as of July 19, 2019, he had "made no less than [six] attempts to serve . . . Trinidad at [the] Falcon Street [address] and [two] attempts at [a separate address] and no less than two attempts to serve . . . Benavides at [the] Royals Road [address]." The process server stated that Griffin's counsel contacted him on July 2, 2019, and provided him with an address for Benavides on Speedy Tostensen Boulevard, where he unsuccessfully attempted to serve her on July 5, 2019. According to the process server, "he [has] been vigilant in attempting [s]ervice of [p]rocess on both . . . Trinidad and Benavides, but was unable to do so because either [he] had incorrect addresses, or the [d]efendants refused to answer their doors and talk with [him]." With the exception of the July 5, 2019 attempt to serve Benavides on Speedy Tostensen Boulevard, the process server's affidavit does not list the dates for any of his attempts to serve the defendants.

Griffin also attached to his response to the motion to dismiss the affidavit of his attorney, who stated that the adjuster for Benavides' insurer refused to confirm whether the Royals address was the correct address for Benavides. In early May 2019, counsel contacted an investigator to determine proper addresses for the defendants, and counsel provided "new" addresses to the process server on May 15, 2019, but the

3

subsequent service attempts were unsuccessful. On June 20, 2019, counsel contacted another private investigator, who on July 1, 2019, gave counsel an address for Benavides on Speedy Tostensen Boulevard and one for Trinidad on Governor's Drive, which addresses later apparently proved to be for different individuals with the same names as the defendants. On July 2, 2019, counsel sent a copy of the complaint and a check to the Clayton County Sheriff's Department, requesting that it serve Trinidad at the Governor's Drive address in Forest Park ; on July 9, 2019, he sent a complaint and check to the Whitfield County Sheriff's Office, requesting that it serve Benavides at an address on Forest Park Road in Dalton.

On October 22, 2019, the trial court entered an order granting the motion to dismiss, stating therein that it conducted a hearing on October 17, 2019, at which the parties presented oral argument and the trial court heard testimony.[6] The trial court concluded that:

> the statute of limitations expired April 19, 2019. Plaintiff's counsel
> presented evidence of the efforts to locate each [d]efendant, however;
> [sic] testimony was presented that neither [d]efendant has been served

---

[6] The appellate record does not contain a transcript of the hearing. "In the absence of a transcript of a hearing, we must presume that the evidence supports the trial court's findings." *Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018) (punctuation omitted).

as of October 17, 2019. As of the date of this [o]rder, service has not been perfected on either [d]efendant; therefore, the [c]ourt finds that diligent efforts have not [been] made to insure proper service as quickly as possible and cannot relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation.[7]

On October 24, 2019, Griffin filed a motion for reconsideration, acknowledging therein that the defendants testified at the hearing that they had not been personally served with the complaint. Griffin attached to the reconsideration motion: a return of service indicating that Benavides was served at the Royals Road address on October 21, 2019, and another return of service indicating that Trinidad was served at the Falcon Street address on October 23, 2019. On November 1, 2019, the trial court entered an order denying Griffin's motion for reconsideration, concluding that:

> Service was not perfected on any [d]efendant until over six months after the filing of the complaint and after the expiration of the statute of limitations. After consideration of the motion and all evidence of record, the [c]ourt finds that [the p]laintiff has failed to establish that service was made in a timely, reasonable[,] and diligent manner.

---

[7] (Footnote omitted).

5

1. Griffin argues that the trial court erred by granting the defendants' motion to dismiss based on his failure to serve them. We disagree.

It is well-settled that although a complaint must be filed

> within the applicable period of limitation[], the law allows the same to be served beyond that applicable period. If the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation[] has run in the interim.[8]

Therefore, "[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation."[9]

OCGA § 9-11-4 (c) provides: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." If "a complaint is filed near the statute of

---

[8] *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995).

[9] (Citation and punctuation omitted). *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317 (2) (765 SE2d 413) (2014).

limitation[,] and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service."[10] If "service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised[, and] once the plaintiff becomes aware of a problem with service, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service."[11] In the recent case of *Van Omen v. Lopresti*,[12] this Court held "that the standard of 'greatest possible diligence' in the context of assessing a plaintiff's attempts at service applies only when the statute of limitation has expired and the defendant has raised a service defense in court."[13]

In this case, the trial court ruled that in order for service made outside the statute of limitation to relate back to the time of filing, "the plaintiff must establish

---

[10] (Punctuation omitted.) *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006).

[11] (Citation and punctuation omitted.) *Swain v. Thompson*, 281 Ga. 30, 32 (2) (635 SE2d 779) (2006).

[12] ___ Ga. App. ___ (Case No. A20A1277, decided Oct. 6, 2020).

[13] Id. at ___ (2).

7

that service was made in a reasonable and diligent manner. . . ."[14] The court did not apply the greatest-possible-diligence standard.[15] The court's failure to do so does not, however, require reversal.

Under *Van Omen,* Griffin was required to exercise the "greatest possible diligence" to ensure proper and timely service beginning on May 23, 2019, when the defendants filed a special appearance answer to the complaint, raising the defense of lack of service.[16] The defendants were not served until October 2019, on or after the date of the hearing on the motion to dismiss, at which time they were served at the addresses listed in the police report from the August 19, 2017 accident, and the record is devoid of evidence of the dates or of any specific details regarding previous unsuccessful attempts to serve them at those addresses.[17] Therefore, the record

---

[14] The trial court quoted *Lucas v. State Farm Mut. Automobile Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006).

[15] See *Swain*, 281 Ga. at 32 (2).

[16] See id.

[17] We note that Griffin did not file a motion to serve the defendants by publication on the basis that they were concealing themselves to avoid service as provided for in OCGA § 9-11-4 (f) (1) (A). See *Pickens v. Nationwide &c. Ins. Co.*, 197 Ga. App. 550 (398 SE2d 792) (1990) (affirming dismissal of a lawsuit based on lack of due diligence in serving the defendant because the plaintiff failed to move for service by publication for more than four months after the complaint was filed shortly

supports the trial court's determination that not even "diligent efforts [were] made to insure proper service as quickly as possible" after the expiration of the statute of limitation on April 19, 2019. It follows, then, that the record also supports a conclusion that Griffin failed to exercise the "greatest possible diligence" once the defendants filed their special appearance answer.[18]

2. Griffin also alleges that the trial court erred by denying his motion to reconsider its dismissal order. We find no basis for reversal.

The motion for reconsideration was premised on the fact that Griffin served Benavides on the day of the hearing and served on Trinidad two days later. Given that the defendants were served at the addresses listed in the police report from the April 17, 2019 accident, we find no abuse of discretion in the trial court's denial of the motion for reconsideration.[19]

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

before the running of the statute of limitation), overruled on other grounds by *Giles*, 330 Ga. App. at 320-321 n.2.

[18] See *Van Omen*, ___ Ga. App. at ___ (3).

[19] See *Cuffie v. Armstrong*, 355 Ga. App. 471 (843 SE2d 599) (2020) (applying abuse-of-discretion standard of review to the denial of a motion for reconsideration of an order denying a motion to dismiss).